hDECUIR, Judge.
This case arises out of an automobile accident on December 4, 1992, between vehicles driven by Shawn Juneau and Dianna Richard. Both vehicles were traveling south in rural Iberia Parish when Richard began to make a left turn into a private driveway at the same time Juneau was attempting to pass Richard’s vehicle. Claims and counterclaims were filed; however, Richard’s suit against State Farm Mutual Automobile Insurance Company, the uninsured motorist carrier for the vehicle driven by Richard, and Louisiana Farm Bureau Mutual Insurance Company, Richard’s own uninsured motorist carrier, are the only claims at issue. All other claims were settled and dismissed prior to trial.
At the conclusion of plaintiff’s case, defendants moved to dismiss Richard’s suit claiming that Richard failed to prove that Shawn Juneau was an underinsured motorist pursuant to La.R.S. 22:1406 D. Richard moved for a continuance to reopen the 12evidence to attempt to prove Juneau’s insurance coverage. The trial court allowed Richard’s attorneys to search their files for the insurance information, to question representatives of State Farm and Farm Bureau and to file two additional exhibits. Richard’s attorneys did not have Juneau’s policy information in their files. Defendants’ representatives testified they had no knowledge of Juneau’s policy limits. The trial court performed an in camera review of defendants’ representatives’ files and determined the files did not contain insurance coverage information relating to Juneau. Richard’s attorneys then moved the trial court to hold the record open for additional evidence.
Dianna Richard appeals the judgment of the district court dismissing with prejudice Richard’s claims against State Farm and Louisiana Farm Bureau. Richard contends the trial court erred in granting defendants’ motion for involuntary dismissal and in denying Richard’s motion to hold the record open for the introduction of further evidence. Richard also contends that the trial record is complete and requests this court to render a judgment on the merits. We affirm.
Pursuant to La.Code Civ.P. art. 1601, a continuance is discretionary and may be granted where the court finds “good cause therefor.” La.Code Civ. P. art. 1602 provides the peremptory grounds for a continuance:
A continuance shall be granted if at the time a case is to be tried, the party applying for the continuance shows that he has been unable, with the exercise of due diligence, to obtain evidence material to his *1012 case; or that a material witness has absented himself without the contrivance of the party applying for the continuance.
As stated by this court in Valley v. American Ins. Co., 510 So.2d 449 (La.App. 3 Cir.1987), La.Code Civ.P. arts. 1631 and 1632 confer upon a trial judge broad powers to control trial proceedings. Whether to hold a case open for the production |3of additional evidence rests within the sound discretion of the trial judge, and his decision will not be disturbed on appeal unless it was clearly wrong. Id. at 457.
We conclude, as did the trial judge, that mandatory grounds for a continuance do not apply to this case. Nor do we find error in the trial judge’s denial of plaintiffs motion for continuance under La.Code Civ. P. art. 1601. Furthermore, we find no clear error in the trial judge’s decision not to hold the case open for additional evidence.
The trial judge in written reasons for judgment specifically set out the numerous opportunities plaintiff had both pre-trial and post-trial to introduce the necessary policy information as follows:
(1) The plaintiff never attempted to secure or introduce an affidavit from Juneau regarding his insurance coverage or lack thereof.
(2) The record does not contain written interrogatories or Request for Production of Juneau’s policy.
(3) Juneau’s deposition was never taken.
(4) Plaintiff did not subpoena Juneau’s policy for trial.
(5) An extensive pre-trial conference was held at which it was specifically discussed that all parties should exchange any and all insurance policy information. The pretrial conference was held while Mr. Juneau’s insurance carrier, Imperial Fire and Casualty Co., was still a party defendant. The Court filed the joint pre-trial stipulations into evidence at the trial on July 7 as Court Exhibit 1. The stipulation was prepared by the plaintiff and signed by all parties, but did not contain a stipulation as to insurance coverage.
(6) At the beginning of the trial, the Court took a fifteen minute recess and ordered the plaintiffs and defendants to pre-file and pre-mark all exhibits they intended to introduce into evidence. Plaintiff had yet another opportunity to introduce evidence of the Juneau policy, or obtain a stipulation as to insurance coverage, and failed to do so.
(7) After having been advised by one of the defendants that it had released Shawn Juneau from a subpoena for the day, the Court ordered defendant to have Mr. Juneau returned to Court for ^questioning. Mr. Juneau was placed on the stand by the defendants and cross-examined by the plaintiff. Plaintiff’s counsel failed to ask him any questions whatsoever concerning insurance coverage.
The trial judge correctly noted that including the steps taken after the conclusion of plaintiff’s case, plaintiff had at least ten opportunities to prove Juneau’s coverage. The numerous opportunities afforded the plaintiff to prove her case make it clearly distinguishable from the cases cited by plaintiff in support of her position.
The trial judge has the power to require that proceedings shall be conducted with dignity and in an orderly and expeditious manner, and to control the proceedings at the trial, so that justice is done. La.Code Civ.P. art. 1631 A. In written reasons for judgment, the trial court states:
This Court feels that the importance of preserving the sanctity of Court proceedings is extremely important to the administration of justice. A relaxation of the rules in this ease may do “substantial injustice” for Mrs. Richard, but will result in “substantial injustice” to the defendants who obeyed all of the Court’s pre-trial orders, the order of trial and who were present in Court and prepared. These defendants were entitled to have their case disposed of “on the basis of the law and evidence presented on July 7, 1995.” (Emphasis theirs.)
Considering the law and the facts of this case, we conclude that the trial judge acted clearly within his discretion in granting defendants’ motion for dismissal.
*1013 Because of our ruling, we do not reach plaintiffs request to render judgment on the merits. Nevertheless, we note that the record is not complete as defendants’ motion for dismissal was made at the close of plaintiffs case and prior to presentation of defendants’ case.
Costs of appeal are assessed to plaintiff-appellee.
AFFIRMED.
KNOLL, J., concurs and assigns reasons.
WOODARD, J., dissents with reasons.