692 So.2d 40 (1997)
OUR LADY OF THE LAKE HOSPITAL, Dr. Charlie Bridges, et al.
v.
Jake VANNER.
No. 95 CA 0754.
Court of Appeal of Louisiana, First Circuit.
March 27, 1997.
Rehearing Denied May 8, 1997.
*41 Ronald A. Seale, Baton Rouge, for PlaintiffAppellee Dr. Charles Bridges.
T. MacDougall Womack, Baton Rouge, for PlaintiffAppellee Our Lady of the Lake Hospital.
Orscini L. Beard, Baton Rouge, for DefendantAppellant Jake Vanner.
Before LOTTINGER, C.J., and FOIL and FOGG, JJ.
FOGG, Judge.
The trial court dismissed this medical malpractice suit pursuant to an exception of prescription brought by Our Lady of the Lake Hospital, Inc. (OLOL) and Dr. Charlie Bridges; Jake Vanner appealed that judgment. For the following reasons, we affirm.
The facts and procedural posture of the case are set forth in Our Lady of Lake Hosp. v. Vanner, 95-0754, p. 2 (La.App. 1 Cir. 12/15/95); 669 So.2d 463, 464, as follows:
The plaintiffs filed suit against Vanner, alleging that Vanner filed a medical malpractice complaint against them with the Louisiana Patient's Compensation Fund. The plaintiffs alleged that they filed suit in order to file a peremptory exception raising the objection of prescription as to Vanner's medical malpractice complaint, as authorized under LSA-R.S. 40:1299.47(B)(2)(a). Along with their petition, the plaintiffs filed a peremptory exception raising the objection of prescription. According to the exception, Vanner filed his complaint with the Fund on September 3, 1993, and, based on medical records, the alleged act of malpractice occurred on or about February 2, 1989. In their exception, the plaintiffs alleged that under LSA-R.S. 9:5628, Vanner had knowledge of sufficient facts of the alleged act of malpractice to begin the running of the one year prescriptive period, such that Vanner's complaint was prescribed. Attached to the exception was a memorandum, and appended to the exception and memorandum were exhibits. The exhibits attached were Vanner's malpractice complaint, his deposition, and medical records as well as a letter to Vanner's attorney from a urologist Vanner consulted.
The trial court set the exception for hearing on April 18, 1994. On April 13, 1994, Vanner filed a motion for continuance. According to the trial court's judgment, the matter came before the court on April 18, 1994, concerning the plaintiffs' exception of prescription and Vanner's motion for continuance. The judgment states that after considering the memoranda which were submitted, the oral argument by the parties, the law and the evidence, the court denied the motion for continuance, sustained the exception of prescription and dismissed the suit as well as the medical malpractice complaint. (Footnote omitted)
When we initially reviewed this case, we could not determine, from the record on appeal, whether certain exhibits relied on by OLOL and Dr. Bridges were introduced into evidence. Therefore, in the interest of justice, we remanded the case for an evidentiary hearing on that issue. The district court has, after hearing the matter, determined that the exhibits were introduced at the trial of the exception. Therefore, we will now address the issues raised by Mr. Vanner on appeal.
Initially, Mr. Vanner contends the district court erred in determining that the exhibits were introduced into evidence.[1] The record on appeal was supplemented with a transcript of the original hearing of the exception. Therein, counsel for OLOL stated, "I would like to also submit the exhibits which I have attached to our memorandum at this time to be filed in the record, along with our memorandum to the exception of prescription at this time." Clearly, the evidence supports the district court's factual determination that the exhibits were introduced at the hearing on the exception and there is no *42 manifest error in that determination. Furthermore, although Mr. Vanner contends that those exhibits were improperly admitted, no such objection was raised at the trial of the exception. It is a well established rule of law that an objection to evidence must be made at the time of its offering, and failure to do so constitutes a waiver of the objection. In re Medical Review Panel on Behalf of Laurent, 94-1661 (La.App. 1 Cir. 6/23/95); 657 So.2d 713. Therefore, the issue is not properly before this court and we will consider the exhibits in reviewing this case.
Next, Mr. Vanner contends that the district court erred in denying his motion for a continuance. A continuance may be granted on either peremptory or discretionary grounds. The peremptory grounds which require that a continuance be granted are not at issue in the instant case. LSA-C.C.P. art. 1602. Nevertheless, a continuance may be granted in any case if there is good ground therefor. LSA-C.C.P. art. 1601.
The trial judge must consider the particular facts in each case in deciding whether to grant or deny a continuance. Some factors to consider are diligence, good faith and reasonable grounds. Sparacello v. Andrews, 501 So.2d 269 (La.App. 1 Cir.1986), writ denied, 502 So.2d 103 (La. 1987); Katz v. Melancon, 467 So.2d 1284 (La.App. 4 Cir.1985). Equally important is the exceptor's corollary right to have his case heard as soon as is practicable. Lambert v. Heirs of Adams, 325 So.2d 331 (La.App. 3 Cir.1975), writ denied, 329 So.2d 458 (La. 1976). The trial judge may also weigh the condition of the court docket, fairness to both parties and other litigants before the court, and the need for orderly and prompt administration of justice. Keyes v. Johnson, 542 So.2d 209 (La.App. 3 Cir.), writ denied, 546 So.2d 1215 (La.1989).
Shortly after the alleged injury in 1989, Mr. Vanner discussed his claim with several attorneys. In September 3, 1993, he filed a medical malpractice claim with the Louisiana Patient's Compensation Fund in proper person. On February 28, 1994, OLOL and Dr. Bridges filed a petition and a peremptory exception of prescription in the district court. On March 7,1994, the district court set the exception of prescription for April 18, 1994. On April 13, 1994, Mr. Vanner, in proper person, filed a motion for continuance. Therein, he contended that he needed sixty additional days to arrange for Dr. Neil Baum, Dr. Phillip Brantley, and his wife to testify. He stated that he intended to also call other witnesses and "possibly bring an attorney." The motion for continuance was heard on April 18,1994, before the court took up the exception of prescription. At that time, Mr. Vanner put on no evidence and made no argument in favor of the motion except to state that he intended to hire an attorney and he wanted the court to continue the hearing on the exception of prescription until the medical review panel acted on the petition that was pending there.
By deposition, Mr. Vanner testified that he discussed this matter with at least three attorneys in 1989. There is no evidence that he made any attempt after that time, including once OLOL and Dr. Bridges filed the instant petition in the district court, to hire an attorney. Rather, his motion for continuance states that he might "bring an attorney," thereby indicating that five days prior to the hearing on the exception he still had not decided to do so. Furthermore, Mr. Vanner offered the district court no reason why he had not called his witnesses to testify or taken their depositions prior to the hearing.
A trial judge is vested with wide discretion in granting or denying a continuance under LSA-C.C.P. art. 1601, and his ruling will not be disturbed on appeal in the absence of clear abuse. Sauce v. Bussell, 298 So.2d 832 (La.1974); Coffman v. Mainhardt, 602 So.2d 264 (La.App. 2 Cir.1992). Under the facts and circumstances of this case, we find that the trial court used sound discretion in denying Mr. Vanner's motion for continuance.
Finally, Mr. Vanner asserts that the district court erred in sustaining the exception of prescription. LSA-R.S. 9:5628 extends the filing of a malpractice claim to one year from the date of discovery of the alleged act, omission or neglect, but mandates filing at *43 the latest within three years from the date of the alleged act, omission or neglect.
The record reflects that in November of 1988, Mr. Vanner went to Our Lady of the Lake Hospital regarding his sexual problems. He was interviewed and a questionnaire was prepared. Mr. Vanner was, then, referred to Dr. Bridges, whom he saw on February 2, 1989. At that time, Dr. Bridges injected Mr. Vanner with a drug called Papaverine. Mr. Vanner claims that thereafter his sexual problems worsened. On April 7, 1989, Mr. Vanner discontinued his treatment with Dr. Bridges.
Within two months thereafter, Mr. Vanner consulted an attorney, Alan Schwartzburg, concerning the matter. Mr. Schwartzburg referred Mr. Vanner to Dr. Neil Baum for a medical opinion. Dr. Baum rendered a report on June 19, 1989, which indicated that Mr. Vanner's dysfunction may be a complication of the Papaverine injection. Mr. Vanner testified in his deposition that Mr. Schwartzburg "looked at it and he felt like ... from a lawyer's standpoint he didn't want to tackle" the case. Mr. Schwartzburg then referred Mr. Vanner to at least two other attorneys with whom Mr. Vanner discussed the case.
On September 3, 1993, more than three years later, Mr. Vanner filed a medical malpractice complaint with the Louisiana Patients' Compensation Fund against OLOL and Dr. Bridges. The complaint alleged, on February 2, 1989, Mr. Vanner went to OLOL for treatment of problems of premature ejaculation, but instead, he was negligently treated for impotency and this treatment worsened his condition.
Clearly, when Mr. Vanner consulted with Mr. Schwartzburg and received the report of Dr. Baum he had sufficient knowledge of the facts surrounding his treatment to question its appropriateness and effects. This conclusion is supported by his subsequent conversations with other attorneys. We find the record contains evidence sufficient to meet the burden of proof required of OLOL and Dr. Bridges. Mr. Vanner placed no evidence in the record in support of his contention that his action has not prescribed. Therefore, we find that the trial court correctly sustained the exception of prescription.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs are assessed against the appellant.
AFFIRMED.
NOTES
[1] In our original opinion, we provided that, if the district court determined that evidence was introduced at the hearing of the exception of prescription and the record was supplemented with that evidence, the appellant would have the right to assign as error this factual determination.