CARAWAY, J.
11 Following the trial court’s decision not to hold the record open for an expert accounting report, the trial court denied the plaintiff’s claim of lesion to revoke the prior partition of community property. Without the expert report, plaintiff did not establish a value for his law firm at the time of the 2005 partition. Plaintiff brings this appeal and challenges the trial court’s decision not to hold the record open. For the following reasons, we affirm the trial court’s ruling.

Facts and Procedural History

Larry and Cynthia English were married on December 31, 1979. During their marriage, they had two children. Larry filed for an Article 103(1) divorce on August 31, 2005. On- October 6, 2005, the parties received a judgment of divorce. In this judgment, the parties stated that Cynthia waived all claims to spousal support. Additionally, Larry bound himself to pay the mortgage on Cynthia’s home, maintain a $500,000 life insurance policy with Cynthia as the beneficiary, and pay the college tuition and expenses for one of their children. The balance due on the house note was over $200,000.
At the time of the divorce, Larry and Cynthia executed and filed a voluntary partition of the community of acquets and gains. In the partition, Larry received the following:
1) all checking, savings, bonds, stocks, etc. in his name or under his control
2) any art, books, and music collectibles accumulated during the marriage
3) 2000 GMC Yukon Denali
4) any and all right, title and interest in and to English & Lester, A Professional Law Corporation
5) any and all right, title and interest in and to English & Associates, L.L.C.
*996 |2In the partition, Cynthia received the following property:
1) all movables except for Larry’s art, books, and music
2) all checking, savings, bonds, and other accounts in her name or under her control
3) any and all advantages of her employment, including retirement benefits, 401K plans, etc.
4) 2004 Isuzu Rodeo
5) the former community residence located at 5708 Sweetwater Drive, Shreveport, LA that was previously declared to be her separate property.
The parties waived all reimbursement claims against each other. Larry also agreed to release Cynthia’s liabilities pertaining to the former community property items. Furthermore, Larry agreed to assume full liability and responsibility for:
1) any and all community debt and his separate debt
2) the remaining mortgage on their former community home
3) all amounts due on his 2000 Denali
4) all debts, obligations, loans, etc. owed by English and Lester, English & Associates, and/or English & Associates, L.L.C.
5) any outstanding balances owed on the parties 2004 Federal and State Income Tax Collection
6) any outstanding balance owed to any and all community debts, including but not limited to credit cards in both or either one’s name, having a total approximate outstanding balance of $40,000, payable in the monthly amount of $800 to Cynthia on or before the 15th day of each month.
In addition to Cynthia’s numerous motions for contempt that followed for Larry’s failure to pay obligations arising from the divorce and partition, the pertinent procedural history after the October 6, 2005 judgment of divorce and partition was set forth in the trial court’s written reasons for judgment as follows:
On October 30, 2009, Mr. English filed a Petition to Rescind Consent Judgments and Terminate Spousal Support and seeking other relief. Among the relief requested was rescission of the partition agreement based on lesion. Ms. English filed various exceptions in response. The exceptions were sustained on December 14, 2009 by judgment dated January 28, 2010. Mr. English was allowed until March 2010 to amend to address the deficiencies. He missed this deadline. In [3an attempt to address the deficiencies identified in the exceptions, Mr. English eventually filed a pleading styled “Petition to Rescind Consent Judgments for Lesion” on April 7, 2010, to which Ms. English again responded with further exceptions. The hearing on the exceptions was held on June 24, 2010. Ms. English wanted the suit dismissed with prejudice for failure to meet the March 29, 2010 deadline. This Court determined that a dismissal with prejudice was not permitted by existing jurisprudence. In an effort to prevent further delay, the court suggested and the parties agreed to allow Mr. English to orally amend the caption of the petition such that everyone understood that he was seeking to rescind the voluntary community property partition on grounds of lesion. Ms. English promptly filed her answer on that date, propounded discovery, and the parties agreed on that date that the matter would be tried on September 13, 2010 without any further delays or continuances. Against this backdrop of inart-fully drawn pleadings and delays, the trial began on September 13, 2010.
*997 Three days before the trial, Larry wrote a letter to the trial court and opposing counsel requesting that the record be held open at the end of trial. In the letter, Larry explained that the reconstruction of financial records between English and Lester and Larry English Professional Law Corporation is both tedious and time consuming, and that Larry’s expert, Austin Robertson, CPA, needed until at least October 15, 2010, to complete the evaluation on his law firm.
On September 18, 2010, Larry represented himself at trial. Regarding Larry’s motion to hold the record open, Cynthia’s counsel objected and stated that she had spoken with Robertson, the expert. According to her conversation, Robertson stated that he had not been paid nor had he received all of the law firm’s tax records from the past five years in order to do a successful audit. Larry replied that Robertson had been paid; however, he indicated that all of his tax documents had not been finalized for 2003. In response, the trial court reiterated the 11-month delays before trial which were caused by Larry. Furthermore, the trial court noted that the expert’s name was only recently | ¿revealed after all the discovery delays had lapsed. From the jurisprudential guidance, the trial court stated that a decision on whether to leave a record open should be based on factors such as diligence, good faith, and reasonable grounds. The court then ruled:
Mr. English initially brought this action almost one year ago, and he should have marshaled the evidence he wished to present long before this trial setting. Mr. English failed to exercise appropriate diligence in preparing the case for trial, and his request to leave the record open is not based on reasonable grounds.
Larry called three trial witnesses, Cynthia, Tomika Carroll (hereinafter “Carroll”), and himself. Larry questioned Cynthia on the value that she placed on certain assets, like her AT & T retirement plan, the movables she acquired in the house, the albums he received, and even his law firm. During her testimony, Larry stipulated to the values that Cynthia provided regarding the furnishings in her home, both of their cars, and the art and books that he received. Additionally, Larry stipulated that the house was her separate property. Cynthia testified that she valued his law firm at $494,000 because this was the total income of Larry’s law firm shown on the federal tax return.
Carroll, Larry’s secretary and office manager since 2000, testified next. Carroll verified the filing of the state and federal tax returns filed in the name of the law firm from 2000-2005, except for the firm’s 2003 federal tax return. Apparently, the 2003 firm’s federal tax return was the same document that Robertson requested in order to complete his evaluation. The 2005 federal return listed total income at $494,000.04. Carroll spent a lot of time explaining the post-2005 financial situation and hardships of the firm.
When Larry testified, he attempted to explain why he was no longer able to pay Cynthia’s expenses. Larry testified that the economy affected his law | ¡¡practice so badly that he was forced to move to New York in search of opportunities. Larry testified that his law firm did not have a value in 2005 or was only valued at $10,000. He simply testified that almost all of his firm’s value stemmed from goodwill.
After reviewing the post-trial briefs, the court filed its Reasons for Judgment on September 28, 2010. The trial court found that “the relief requested by Mr. English is not warranted under the law because *998 Mr. English has completely failed to satisfy the burden of proof required in a lesion case.” In the court’s reasons for judgment, the trial court gave a detailed account of each item addressed in the October 2005 partition and the evidence, or lack thereof, submitted by Larry as to its value. Regarding the two assets of significance awarded to Cynthia, the court found that the parties’ home was Cynthia’s separate property and the value of Cynthia’s retirement account was never proven at trial. Specifically, the court stated that:
At trial, Mr. English attempted to place values on various items but all of his valuations were speculative at best and not based on any credible evidence. It is important to note that because Mr. English brought the suit, the burden of proof was placed upon him.
After concluding that Larry did not establish the net value of the total community property on October 6, 2005, the court denied his action to rescind the consent judgment on the basis of lesion. The trial court’s judgment was signed and filed on May 26, 2011.

Discussion

In his only assignment of error, Larry argues that the trial court erred in denying his motion to hold the record open in order to receive his expert’s report. Since his law practice was the only significant asset that he received in [fithe divorce, Larry argues that obtaining its proper valuation is an essential aspect of proving lesion. He argues that the only way to uncover the true value of his law firm is through the use of an expert, like Robertson.
The court has the power to require that the proceedings shall be conducted with dignity and in an orderly and expeditious manner and to control the proceedings at the trial, so that justice is done. La. C.C.P. art. 1681(A). The decision to hold open or reopen a case for production of additional evidence rests within the discretion of the trial judge, which decision will not be disturbed on appeal unless manifestly erroneous. Clayton v. Bear’s Towing and Recovery, 38,834 (La.App.2d Cir.8/18/04), 880 So.2d 943; Harris v. West Carroll Parish School Board, 605 So.2d 610 (La.App. 2d Cir.1992), writ denied, 609 So.2d 255 (La.1992).
A motion to hold a case open for submission of additional evidence is in the nature of a request for a continuance. Mendoza v. Mendoza, 11-113 (La.App. 5th Cir.12/13/11), 82 So.3d 411; Juneau v. Richard, 96-215 (La.App. 3d Cir.11/13/96), 682 So.2d 1010, writ denied, 96-2988 (La.1/31/97), 687 So.2d 413. Likewise, the trial court’s discretion in granting or denying a continuance under La. C.C.P. art. 1601 must be based upon consideration of the facts of each case and factors such as diligence, good faith, and reasonable grounds. Connor v. Scroggs, 35,521 (La.App.2d Cir.6/12/02), 821 So.2d 542; Our Lady of the Lake Hosp. v. Vanner, 95-0754 (La.App. 1st Cir.3/27/97), 692 So.2d 40, writ denied, 97-1567 (La.9/26/97), 701 So.2d 992; Walker v. Aulds, 28,968 (La.App.2d Cir.12/11/96), 685 So.2d 421. Equally important is the exceptor’s corollary right to have his case heard as soon as practicable. Our Lady of the Lake Hosp., supra; Stett v. Greve, 35,140 (La.App.2d Cir.2/27/02), 810 So.2d 1203. The trial judge may also weigh the condition of the court docket, fairness to both parties and other litigants before the court, and the need for orderly and prompt administration of justice. Connor v. Scroggs, supra; Keyes v. Johnson, 542 So.2d 209 (La.App. 3d Cir.1989), writ denied, 546 So.2d 1215 (La.1989).
*999 In this case, Larry sought to rescind the extrajudicial consent decree on the basis of lesion. La. C.C. art. 814. The proper method of establishing lesion beyond one-fourth is twofold: (1) the community property’s true value (net value) must be ascertained; and (2) it must then be determined from the property acquired whether a party received value less than 8/4 of 1/2 share of the true value of the property partitioned. McCarroll v. McCarroll, 96-2700 (La.10/21/97), 701 So.2d 1280, 1285; Taylor v. Taylor, 38,959 (La.App.2d Cir.11/1/00), 772 So.2d 891, 894; Cowling v. Cowling, 486 So.2d 1060 (La.App. 2d Cir.1986); La. C.C. art. 2590; La. C.C. art. 814 comment (b). The burden is on the party claiming lesion to prove the value of the property in the state it existed at the time of the contract. The party claiming lesion must establish it by clear and convincing proof, and speculative values will not be considered. Cowling v. Cowling, supra at 1062; Beatty v. Vining, 147 So.2d 37 (La.App. 2d Cir.1962); Ozane v. Ozane, 392 So.2d 774, 777 (La.App. 3d Cir.1980).
When we consider Larry’s motion for the continuance to hold open the record, it was within the trial court’s discretion at the beginning of the trial, and certainly at its end, to deny the requested relief. Larry’s pattern for delay of the proceedings predominates throughout the record. Prior to the June 24, 2010 hearing, he had been granted a continuance. By the time of trial in 2010, |sLarry’s tax records of 2005 and earlier were solely within his control along with his knowledge of the 2005 billing records and accounts receivable for his law firm. His failure to prepare an accounting expert before the trial was inexcusable. Moreover, at the conclusion of trial, the trial court correctly ruled that Larry had failed to meet his threshold burden of proof for the net value of all the other community property assets which were partitioned. Therefore, regardless of a more accurate value that might have been established for the law firm by any subsequent expert review, the comparison of values necessary to determine Larry’s lesion claim could not be made from the other evidence he presented at trial. Accordingly, the rulings of the trial court are affirmed.

Conclusion

For the foregoing reasons, the judgment of the trial court is affirmed. Costs of these proceedings are assessed to Larry English.
AFFIRMED.
APPLICATION FOR REHEARING
Before BROWN, WILLIAMS, CARAWAY, LOLLEY and SEXTON (Pro Tempore), JJ.
Rehearing denied.