BROWN, Chief Judge.
_JjThis is a suit to collect on a promissory note which represents unpaid insurance premiums on a multi peril crop insurance (“MPCI”) policy. The instant appeal was filed by defendant, Dexter Davis, from the trial court’s October 17, 2013, judgment granting a motion for summary judgment filed by plaintiff, Rain and Hail, L.L.C., ordering Davis to pay the amount sought by plaintiff, which included unpaid premiums, accrued contractual interest, legal interest, attorney fees and costs of the proceedings. It is from this judgment that defendant, Dexter Davis, has appealed.

Procedural Background

According to plaintiffs petition, which was filed on January 16, 2013, and amended on March 7, 2013, defendant owes the *1206 unpaid balance of a promissory note which reflects crop insurance premium assessments for MP Policy No. 0696368 for the policy period October 1, 2011-November 1, 2012, together with interest and costs.[1] The promissory note is incorporated into and is part of the insurance policy itself. On February 8, 2013, Davis, appearing pro se, filed a responsive pleading in which he asserted that he did not owe plaintiff the amounts sought and noted that there was no signed promissory note attached to plaintiffs petition-to evidence the alleged obligation.
On June 3, 2013, Rain and Hail filed a motion for summary judgment, seeking judgment in its favor and asserting that there were no genuine issues of material fact and that plaintiff was entitled to judgment as a matter | 9of law. In support, plaintiff filed a memorandum together with exhibits and an affidavit; the complete insurance documents evidencing Davis’s signature were not attached thereto. On June 12, 2013, Davis filed a response, urging that plaintiff had not attached to either its petition or motion for summary judgment a signed promissory note evidencing his obligation to pay the alleged indebtedness. Defendant urged the court to deny plaintiffs motion for summary judgment and to dismiss the case with prejudice. A hearing on the motion for summary judgment was set for August 8, 2013.
On that date, at the time set for the hearing, plaintiffs counsel and the trial court noted that Davis was late, and the court allowed counsel to begin his argument in support of the motion. Defendant appeared 20-30 minutes into the hearing and related that his tardiness was due to an automobile accident. When the judge asked Davis whether he was prepared to go forward, defendant responded, “No, that’s why I was trying to get here quickly to continue this.” The trial court noted defendant’s request to continue, but then stated that he had some questions about the merits of the motion for summary judgment, so would consider both issues.
The court stated that while plaintiffs petition was to recover indebtedness on a promissory note and that there was an insurance contract containing the promissory language attached thereto, Rain and Hail had not attached any documentation bearing defendant’s signature to indicate his indebtedness. Instead, the blank for Davis’s signature on the- insurance con-traeVpromissory note contained the notation “See Attached.” Counsel | of or plaintiff conceded the defect and attempted to introduce a document entitled “Production Reporting Form Spring Crop Year 2010,” and purportedly signed by Davis in conjunction with and on the same date as the insurance contract/promissory note sued upon. The court did not allow plaintiffs counsel to file the documentary evidence at the hearing, noting that it was not timely filed and that Davis had not been afforded a chance to review and respond to the document.
The court then allowed defendant to assert his argument, which was that there was no proof that he had ever signed a promissory note and that summary judgment was premature because Rain and Hail had never established their entitlement to collect the premiums allegedly *1207 due. The court advised Davis that testimony was inadmissible to support or oppose summary judgment and in order to properly contest plaintiffs motion, he could file a memo in opposition, together with an affidavit or deposition or other evidence in accordance with the summary judgment procedure provisions.
The trial court then announced that it was granting defendant’s motion for continuance because there had been no proof timely filed with the motion for summary judgment to show plaintiffs entitlement to summary judgment as a matter of law. The court left the record open for both parties to file evidence to be considered by the court in determining whether summary judgment was proper. Specifically, the court found that:
[Rjather than deny the Motion for Summary Judgment, in light of Mr. Davis’ request for a continuance, and what I see to be a lack of, possibly a lack of evidence submitted in a timely fashion, I think the best thing to do is just continue the matter, set it for October 3d at |41:00. And I’m gon’ (sic) let either side file anything within the normal time line, 15 days before and 8 days before.... So Mr. Davis, if they want to file something else, they have to do it 15 days before October 3. If you wish to file something else, like an affidavit, deposition or something else admissible under law, you have to do it 8 days before the hearing date of October 3d.
On September 4, 2013, defendant filed an “Objection to Order of Continuance, Reiteration of Motion to Dismiss, Alternatively Motion for Summary Judgment.” In this pleading, Davis asserted that at the August 8, 2013, hearing, the court failed to rule on his “motion to dismiss” and effectively overruled his request for a continuance when it “allowed plaintiff to continue to give testimony-evidence and allowed defendant to make a statement in the case.” Defendant further asserted that the trial court actually denied Rain and Hail’s motion for summary judgment on that date, and that this denial should be final. Davis conceded that he did not have evidence in opposition to summary judgment or in support of his defense that he did not sign the insurance contract/promissory note. He re-urged his motion to dismiss or alternatively for the court to set a hearing on his “motion for summary judgment.”
Plaintiff filed an amended memorandum in support of its motion for summary judgment on September 9, 2013. Attached as exhibits to this amended memo were: (A) a copy of the MPCI Application and Reporting Extender for 2010 for Policy No. MP-0696368; (B) a copy of the MPCI Application and Reporting Form |fiExtender for Policy No. MP-0696368 for 2011, including the signature page; (C) a copy of Davis’s 2011 Acreage Report as reported by defendant to Lloyd Erwin, Rain and Hail’s president/agent; (D) a copy of the MPCI Application and Reporting Form Extender for Policy No. MP-0696368 for 2012; (E) a copy of the MPCI Application and Reporting Form Extender for Policy No. MP-0696368 for 2012 reflecting a coverage change; (F) a copy of the 2011 Renewal Notification sent to Davis on December 8, 2012, together with a copy of the Multi Peril Common Crop Insurance Policy; and (G) a copy of an Itemized Statement showing the amount plaintiff is seeking to recover in the instant action.
Plaintiff also filed a memorandum in opposition to Davis’s September 4, 2013, pleading, contending that: (1) while defendant has now objected to the continuance *1208 on the summary judgment hearing, he is the one who asked for the continuance; (2) the trial court, contrary to Davis’s argument, did not rule on the motion for summary judgment-the matter was continued and reset for October 3, 2013; (3) defendant’s September 4, 2013, filing does not meet the procedural requirements for a motion for summary judgment or a motion for dismissal, and there are no other pleadings in the record that could be construed as either; and (4) the trial court left the record open for both parties to file evidence to support or oppose the motion for summary judgment, which plaintiff has done.
The hearing on Rain and Hail’s summary judgment motion was held on October 3, 2013. The first matter taken up by the trial court was Davis’s “Objection to Order of Continuance, Reiteration of Motion to Dismiss, Alternatively Motion for Summary Judgment.” The court first addressed defendant’s contention that it had allowed testimony at the previous hearing. Defendant, acting as his own attorney, continued to be confused about the 1 ^difference between argument and testimony, as well as the distinction between evidence and oral testimony. This, together with his objection to the unsigned insurance application/promissory note, formed the basis for his objections at both hearings. The court ruled as follows:
[Tjhere was not any testimony taken [at the initial hearing on August 8, 2013].... [Testimony is not admissible to support or counter a Motion for Summary Judgment. There may have been some discussion between the Court [and plaintiffs counsel and Davis].... I was a little concerned because in looking at the submissions by the Plaintiff, I couldn’t see the signature of Mr. Davis on the promissory note. And it was a rather complicated several year transaction, apparently that involved crop insurance. And in any event, about the time the Court was mentioning that, Mr. Davis had made a Motion to Continue. And the Court said, in view of, basically in view of what we had going on that I was gonna grant the continuance and. let either side file anything they wanted to file as long as they did it timely in accordance with the Summary Judgment rules. [Plaintiffs counsel] asked me to go forward and hear the evidence on the Motion for Summary Judgment. I overruled this request and granted the Motion for Continuance that was asked for by Mr. Davis.... [0]n the objection to order a continuance, it was Mr. Davis’ request to continue the matter. So I overrule or deny his Motion in that respect. Reiteration of Motion to Dismiss .... I don’t recall seeing a Motion to Dismiss. But maybe [defendant] feels like he made one orally at [the] prior hearing. Well, we’re here on a Motion for Summary Judgment. The question is, whether it’s gon’ (sic) be granted or not granted. And so a Motion to Dismiss is not well-founded. The Court dismisses that Motion. Alternatively a Motion for Summary Judgment ... filed on September the 4th, and there was nothing attached to it in the way of evidence. But insofar as it may constitute a valid Motion for Summary Judgment, I’ll consider [it] in connection with all the other evidence that is submitted.
The trial court then allowed plaintiffs attorney and Davis to present their arguments, and found that:
The Court clearly granted a continuance and gave both sides an opportunity to *1209 supplement as long as they did it timely and [in] accordance with the time limit provided in the statute and in the rules. The plaintiff chose to supplement theirs. There are several application forms with promissory notes with what purports to be the signature of Mr. Davis. Based upon that and the affidavit that I have in the record, the Court grants the Motion for Summary Judgment.
|7It is from this judgment that defendant, Dexter Davis, has appealed.

Discussion

On appeal, defendant urges error in the following rulings by the trial court: (1) the granting of defendant’s request for a continuance after hearing argument on the merits of plaintiff’s motion for summary judgment; (2) the denial of his motion to dismiss/motion for summary judgment; (3) the granting of plaintiffs motion for summary judgment.
A continuance may be granted in any case if there is good ground therefor. La. C.C.P. art. 1601. The trial court’s discretion in granting or denying a continuance must be based on consideration of the facts of each case and factors such as diligence, good faith, and 'reasonable grounds. Politz v. Politz, 49,242 (La.App.2d Cir.09/10/14), 149 So.3d 805; English v. English, 47,331 (La.App.2dCir.12/05/12), 105 So.3d 994, writ denied, 13-0326 (La.04/01/13), 110 So.3d 585. The trial judge may also weigh other factors, including fairness to both parties and the need for orderly administration of justice. Ray v. City of Bossier City, 37,708 (La.App.2d Cir.10/24/03), 859 So.2d 264, writs denied, 03-3124, 03-3254 (La.02/13/14), 867 So.2d 697. A trial court’s ruling regarding a continuance will not be disturbed on appeal in the absence of a clear showing of abuse of discretion. Bozarth v. State, LSU Medical Center, 09-1393 (La.App. 1st Cir.02/12/10), 35 So.3d 316.
We find no abuse of the trial court’s discretion in this case. The continuance was granted pursuant to a request made by defendant. Davis is correct that, prior to granting a continuance, the trial court discussed the | spending motion for summary judgment with both plaintiffs counsel and defendant. The court did not, however, consider the merits of the motion, nor did it rule on the motion one way or the other. Instead, in continuing the hearing, the court indicated to plaintiffs counsel and defendant the deficiencies in each party’s evidentiary offerings (or lack thereof) and advised defendant that he could not testify, but needed to offer support of his opposition in the form of an affidavit, deposition or other documentary evidence. The judge further explained the time limitations applicable to the filings that could be made by both parties.
We note that, had the trial court denied plaintiffs motion for summary judgment at the initial hearing date, rather than giving the parties additional time to supplement their evidentiary filings, plaintiff could have filed a subsequent motion for summary judgment addressing the same issue(s), this time with the proper documentary evidence. Because a party may re-urge a previously denied motion for summary judgment, the initial denial of summary judgment on an issue does not bar a second motion for summary judgment on the same issue. Simpson v. Davidson, 35,048 (La.App.2d Cir.10/31/01), 799 So.2d 652; Gailey v. Barnett, 12-0830 (La.App. 4th Cir.12/05/12), 106 So.3d 625, writ denied, 12-2761 (La.02/22/13), 108 *1210 So.3d 770; State ex rel. Div. of Admin., Office of Risk Management v. National Union Fire Ins. Co. of Louisiana, 10-0689 (La.App. 1st Cir.02/11/11), 56 So.3d 1236, writ denied, 11-0849 (La.06/03/11), 63 So.3d 1023. As noted by this court in Lloyd v. Shady Lake Nursing Home, Inc., 47,025 (La.App.2d Cir.05/09/12), 92 So.3d 560, writ denied, 12-1318 (La.09/28/12), 98 So.3d 844, the denial of a motion for summary judgment is merely an interlocutory ruling that does not bar reconsideration of the same issues raised in the unsuccessful motion. In this case, the trial court’s decision to continue the matter to a later date rather than denying summary judgment initially, then requiring plaintiff to refile for summary judgment, something that would be costly and time consuming, was well within its discretion.
In determining whether summary judgment is appropriate, appellate courts review evidence de novo under the same criteria that govern the trial court’s determination of whether summary judgment is appropriate. Smitko v. Gulf S. Shrimp, Inc., 11-2566 (La.07/02/12), 94 So.3d 750; Monroe Surgical Hospital, LLC v. St. Francis Medical, Inc., 49,600 (La.App.2d Cir.08/21/14), 147 So.3d 1234, writ denied, 14-1991 (La.11/21/14), 160 So.3d 975. Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, admitted for the purposes of the motion for summary judgment, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B)(2); Monroe,- supra. Once the motion for summary judgment has been properly supported by the moving party, the failure of the non-moving party to produce evidence of a material factual dispute mandates the granting of the motion. La. C.C.P. art. 967(B); Luther v. IOM Co. LLC, 13-0353 (La.10/15/13), 130 So.3d 817; Brooks v. Transamerica Financial Advisers, 45,833 (La.App.2d Cir.02/02/11), 57 So.3d 1153.
[inPrior to the hearing on October 3, 2013, plaintiff filed a supplemental memo in support of its motion for summary judgment, with a number of attachments, including several insurance documents from the policy periods before and after the one at issue in this case, as well as a signature page to the policy for the period in question. The insurance policy issued on April 20, 2010, was for the one-year period from October 1-November 1, 2010. In consideration of the insurance being issued, a promissory note, which is a part of the insurance application and reporting form, was signed by Dexter Davis on June 15, 2010. This form specifically states that the policy is a continuing one. Furthermore, the continuing nature of the coverage is spelled out in the policy’s “Terms and Conditions Basic Provisions” as follows: “2. Life of Policy, Cancellation, and .Termination, (a) This is a continuous policy and will remain in effect for each crop year following the acceptance of the original application until cancelled by you in accordance with the terms of the policy or terminated by operation of the terms of the policy or by us.” In the blank for defendant’s signature in the promissory note section of the insurance application and reporting form for October 1-Novem-ber 1, 2011, “See Attached” is written. While the “See Attached” page was not attached to plaintiffs petition or motion for summary judgment, it was attached to the amended memorandum. As found by the trial court, plaintiff met its burden of proof in establishing the indebtedness.
Defendant did not retain counsel, but appeared pro se throughout these proceedings. Keeping in mind the leeway extend *1211 ed to a pro se litigant, the trial court liberally construed his pleadings by examining the substance | ^rather than the captions of Davis’s filings. See, Greenwood Community Center v. Calep, 48,737 (La.App.2d Cir.01/15/14), 132 So.3d 470; State v. Chapman, 97-0967 (La.App. 4th Cir.09/03/97), 699 So.2d 504, writ denied, 97-2600 (La.04/03/98), 717 So.2d 229. The trial court properly interpreted defendant’s “Motion to Dismiss” as an opposition to plaintiffs motion for summary judgment and considered Davis’s motion for summary judgment, even though it had no documentary evidence or supporting memorandum. However, as the trial court explained, without any evidence to oppose plaintiffs motion and its documentary evidence showing his signature and the continuing insurance obligation, Davis could not overcome the plaintiffs showing, nor could he support his own motion for summary judgment. The trial court did not err in denying Davis’s motion and granting Rain and Hail’s motion for summary judgment.

Conclusion

For the reasons set forth above, the judgment of the trial court is affirmed.

. The amounts sought by plaintiff (and awarded by the trial court in its summary judgment ruling) include: the principal sum of $4,503; accrued contractual interest of $728; legal interest from date of demand until paid; attorney fees of $750, and costs of the proceedings.