ELISE HOWELL        *       NO. 2022-CA-0695

VERSUS              *

                          COURT OF APPEAL

WALLACE OVERTON;      *
CAROLANN OVERTON;            FOURTH CIRCUIT
TRACY OVERTON; ASHLEY    *
OVERTON HUGHES;             STATE OF LOUISIANA
FAULKNER ANIMAL      * * * * * * *
HOSPITAL, LLC; FORREST
FAULKNER; AND BRENT
GLENN

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2021-10195, DIVISION "C"
Honorable Sidney H. Cates, Judge
* * * * * *
**Judge Joy Cossich Lobrano**
* * * * * *

(Court composed of Judge Joy Cossich Lobrano, Judge Rachael D. Johnson, Judge
Nakisha Ervin-Knott)

Elise Howell
5847 Catina Street
New Orleans, LA 70124

     PLAINTIFF/APPELLANT, IN PROPER PERSON

Erin Rigsby-Hawkins
CHEHARDY SHERMAN WILLIAMS MURRAY RECILE STAKELUM &
HAYES, LLP
One Galleria Boulevard, Suite 1100
Metairie, LA 70001

     COUNSEL FOR DEFENDANTS/APPELLEES

                                     **AFFIRMED**

                                **MARCH 15, 2023**

This is an injunction case arising out of the adoption of a kitten. Plaintiff/appellant, Elise Howell ("Howell"), appeals the January 19, 2022 judgment of the district court, which denied Howell's request for preliminary injunction. For the reasons that follow, we affirm.

## FACTS AND PROCEDURAL HISTORY

Defendants/appellees, Wallace Overton and Carol Ann Overton (the "Overtons"), who are North Carolina residents, adopted a Himalayan kitten from Howell in New Orleans. Thereafter, disputes arose between the parties concerning the Overtons' subsequent care of the kitten. Howell alleges that on November 10, 2021, she held an online video interview with the Overtons, wherein she explained the terms and conditions of the adoption contract, to which the Overtons agreed. The Overtons then travelled to New Orleans on November 18, 2021 and brought the kitten back to North Carolina. On December 5, 2021, Howell learned that the Overtons had scheduled the kitten for an onychectomy, which is a declawing procedure. Howell alleges that the procedure is in breach of the adoption

1

agreement, will harm the kitten, and that the Overtons have refused Howell's demands to return the kitten.

On December 9, 2021, Howell filed her initial lawsuit in the United States District Court for the Eastern District of Louisiana. On December 17, 2021, Howell brought the instant litigation against the Overtons[1] in the Civil District Court for the Parish of Orleans (the "district court"), wherein she filed a Complaint and Emergency Request for Injunctive Relief, seeking an injunction, rescission of the contract, and damages for breach of contract. On December 20, 2021, the district court granted a temporary restraining order ("TRO"), which the district court modified on December 28, 2021 and extended on January 10, 2022. On January 18, 2022, a preliminary injunction hearing went forward, where Howell appeared in proper person and was the only witness to testify. The Overtons did not appear at the hearing but were represented by counsel and introduced the affidavit of Wallace Overton. The district court ruled from the bench, denied the request for preliminary injunction, and rendered a written judgment dated January 19, 2022. Howell brought the instant appeal.

## LAW AND ANALYSIS

**Standard of Review**

Denial of a preliminary injunction is subject to appellate review for an abuse of discretion. *Jarquin v. Blanks*, 18-0157, p. 2 (La. App. 4 Cir. 8/15/18), 254 So.3d

---

[1] The other defendants were the Overtons' adult children and the veterinarians who had allegedly scheduled the onychectomy.

10, 11-12. This standard of review is "based upon a conclusion that the trial court committed no error of law and was not manifestly erroneous or clearly wrong in making a factual finding that was necessary to the proper exercise of its discretion." *Meredith v. I Am Music, LLC*, 18-0659, p. 4 (La. App. 4 Cir. 2/13/19), 265 So.3d 1143, 1145-46 (internal quotation omitted). Appellate courts review errors of law *de novo*, while factual findings by the district court are reviewed under the manifest error or clearly wrong standard. *Historic Restoration, Inc. v. RSUI Indem. Co.*, 06-1178, p. 4 (La. App. 4 Cir. 3/21/07), 955 So.2d 200, 204.

**Burden of Proof**

The primary issue before this Court is whether the district court erred in finding that Howell failed to meet her burden of proof to obtain a preliminary injunction.[2] To prevail in the district court on a motion for preliminary injunction,

---

[2] In her brief, Howell lists five assignments of error, arguing that the district court erred by:

1. wrongfully excluding admissible evidence and testimony based on the parol evidence rule;

2. wrongfully excluding admissible evidence that should have been admitted, reviewed, and considered under Article 803 of the La. Code of Evidence;

3. wrongfully requiring a writing or written contract, as opposed to competent evidence, of a $325.00 oral adoption contract in violation of La. Civil Code Article 1846;

4. wrongfully failing to issue an injunction after Defendants allegedly conceded to the provisions of the December 28, 202[1] temporary restraining order by text message, through confirmation by their counsel of record, and by judicial admission in an Affidavit, sworn to and subscribed by Defendant, Wallace Overton; and

5. wrongfully acting against public policy in holding that "by the Defendants' own admission, the exigency of the preliminary injunction no longer exists," thus, permitting Defendants to defeat the issuance of an injunction simply by alleging that they've "changed their minds" about engaging in irreparably harmful activities and should be trusted not to do so despite their numerous

3

an applicant bears the burden to establish by prima facie evidence that: (1) the injury, loss, or damage suffered in absence of injunction may be irreparable; (2) entitlement to relief sought; and (3) prevailing on the merits of the case is likely. *Id.*, 06-1178, p. 11, 955 So.2d at 208; La. C.C.P. art. 3601. In cases involving a contractual obligation "not to do," proof of irreparable injury is not required. *Novelaire Techs., L.L.C. v. Harrison*, 08-157, pp. 5-6 (La. App. 5 Cir. 8/19/08), 994 So.2d 57, 61 (citing La. C.C. art. 1987)(other citations omitted). Existence of a contract and its terms is a question of fact and must be proved by a preponderance of the evidence. *Danna v. Ritz-Carlton Hotel Co., LLC*, 15-0651, pp. 8-9 (La. App. 4 Cir. 5/11/16), 213 So.3d 26, 33. A party claiming rights under a contract bears the burden of proof. *Favrot v. Favrot*, 10-0986, p. 11 (La. App. 4 Cir. 2/9/11), 68 So.3d 1099, 1107. If the price or value is in excess of five hundred dollars, the contract must be proved by at least one witness and other corroborating circumstances. La. C.C. art. 1846.

The only witness to testify live at the hearing was Howell. She testified that the adoption agreement was oral, and none of the terms were reduced to writing. According to Howell, she communicated these terms to the Overtons during an online video call. She informed the Overtons that the kitten should not receive vaccinations before he is one year old and that no inhumane surgical procedures

violations of the lower court's orders thus far, including, without limit, failing and refusing to appear for hearings set in the lower court and failing to abide by provisions set forth in the court's December 28, 2021 temporary restraining order.

Howell's third, fourth, and fifth assignments of error implicate the relevant burden of proof.

4

should be performed.[3] She stated that all families who adopt cats from her must agree to the same terms. The total cost for the kitten was $650, and the Overtons paid Howell that amount. Howell testified that the Overtons had the kitten vaccinated shortly thereafter and that the veterinarian informed her that the kitten had become lethargic, ill, and dehydrated one week later. Howell attributed the kitten's medical condition to premature vaccination. Howell testified that the Overtons changed their minds several times about whether they would have the kitten declawed. Howell admitted in her testimony, however, that the Overtons told her, after having done additional research, they decided not to declaw the kitten. She also admitted that the Overtons informed her of their decision after Howell filed her first lawsuit in federal court, but before she filed this litigation.

The Overtons did not appear live at the hearing, but they were represented by counsel, who introduced Wallace Overton's affidavit into evidence. Howell complained in open court about having received the affidavit only 30 or 40 minutes before the hearing started, but she did not object to the affidavit's admission into evidence. In the affidavit, Wallace Overton denied having agreed to any contract beyond purchasing the kitten for $650. He also attested that the Overtons will not allow the kitten to be declawed.

As a matter of law, Howell did not satisfy her burden of proving the existence of the contract she sought to enforce. The Overtons paid Howell $650 in

_____

[3] In Howell's brief and pleadings throughout the record, she discusses numerous other alleged terms of the agreement, but she only provided testimony about the terms concerning vaccinations and inhumane medical procedures.

exchange for the kitten, and the contract in dispute was not reduced to writing.[4] Under La. C.C. art. 1846, where the value or price is greater than $500, "the contract must be proved by at least one witness and other corroborating circumstances." Although Howell presented her own testimony regarding the purported terms of the contract, she did not introduce any other evidence. Howell points to Wallace Overton's affidavit, wherein he described their discussion in which Howell stated that "her kittens shouldn't have [vaccinations] until they were 1-years old." Regardless, the affidavit is explicit that the Overtons did not agree to any terms and conditions of the adoption, other than payment of the purchase price. We cannot say that the district court was clearly wrong in finding that Howell failed to meet her burden of proof to establish the existence of the terms of the adoption agreement and that the Overtons violated such terms.

We likewise find no error in the district court's finding of no "exigency" or irreparable harm in the absence of a preliminary injunction. "[T]he the condition to be enjoined must currently exist or be imminent." *Faubourg Marigny Imp. Ass'n, Inc. v. City of New Orleans*, 15-1308, p. 18 (La. App. 4 Cir. 5/25/16), 195 So.3d 606, 618. "[T]he proof of irreparable harm cannot be speculative or based upon some uncertain future event." *Id.* Wallace Overton attested in his affidavit that the kitten will not undergo the disputed procedure. The Overtons introduced into evidence, without objection, text message conversations in which Wallace Overton

---

[4] In her third assignment of error and reply brief, Howell argues the amount of the contract was $325. However, she provided no testimony that this was the purchase price, and the uncontroverted evidence at trial was that the total amount paid was $650, which the Overtons paid in two installments of $325.

advised Howell on December 12, 2021 that the Overtons would no longer pursue the procedure. Howell admitted in her testimony that she was aware of the Overtons' statements regarding their decision before she filed this litigation in the district court. Where the district court's findings of fact are based on its determinations of witnesses' credibility, we must defer to the factfinder's determination. *Bridges v. Anderson*, 16-0432, p. 6 (La. App. 4 Cir. 12/7/16), 204 So.3d 1079, 1082-83. We recognize Howell's sincere concern for the kitten's well-being. Even so, the district court could have reasonably found, on the evidence before it, that the possibility of the procedure or other unspecified injury was speculative and did not constitute irreparable harm. We do not find merit in Howell's arguments.

**Evidence**

Howell also argues that the district court erred in excluding evidence,[5] either because of hearsay[6] or the parol evidence rule.[7] The record does not reflect the exclusion of any evidence, and there is nothing for this Court to review. The district judge gave the opportunity to introduce exhibits, and Howell did not introduce any documentary evidence. After the district judge stated his oral ruling, Howell asked if she could submit affidavits of "other adoptive families." The judge

---

[5] Howell's first and second assignments of error concern evidentiary issues.

[6] Article 803 of the Louisiana Code of Evidence sets forth exceptions to the hearsay rule, including the exceptions for records prepared in the regular course of business, *see* La. C.E. art. 803(6), and statements made for purposes of medical treatment. *See* La. C.E. art. 803(4).

[7] Extrinsic or parol evidence is generally "not admissible to show a prior or contemporaneous agreement varying the terms of a written contract." *Duvio v. Specialty Pools Co., LLC*, 15-0423, p. 8 (La. App. 4 Cir. 6/16/16), 216 So.3d 999, 1007.

7

then expressed his opinion that these supposed affidavits were not relevant to whether the Overtons violated the alleged agreement. Howell did not attempt to introduce these affidavits or proffer them.[8] She also did not move the district court to hold the record open or re-open the record for the taking of additional evidence.[9] We find these arguments without merit.

## CONCLUSION

Accordingly, for the reasons set forth in this opinion, we affirm the judgment of the district court.

**AFFIRMED**

---

[8] The purpose of a proffer is to preserve excluded evidence and testimony so that it is available for appellate review. *Foley v. Entergy Louisiana, Inc.*, 06-0983, p. 30 (La. 11/29/06), 946 So.2d 144, 165 (quoting *McLean v. Hunter*, 495 So.2d 1298, 1305 (La. 1986)). Without the proffer, we have no way of knowing what that evidence would have been, and Howell is precluded from complaining that evidence was excluded. *McLean*, 495 So.2d at 1305.

[9] *See, e.g., Union Fed. Credit Union v. Thornton*, 49,529, p. 4 (La. App. 2 Cir. 1/28/15), 162 So.3d 414, 416-17 (citing La. C.C.P. arts. 191, 1632)(other citations omitted); *English v. English*, 47,331, pp. 6-7 (La. App. 2 Cir. 12/5/12), 105 So.3d 994, 998.