CARAWAY, J.
I! This dispute, decided by summary judgment, interprets an automobile policy’s uninsured/underinsured coverage benefit (“UM”) claimed by the plaintiff, a family member of the named insured. The plaintiff was also a named excluded operator under a policy endorsement, excluding all policy benefits to a named excluded operator while operating an insured vehicle. The plaintiff was injured as a pedestrian and claimed the UM benefit. ‘ The trial court granted partial summary judgment in plaintiffs favor recognizing his entitlement to the UM policy benefit. The insurer appeals. For the following reasons, we affirm.

Facts and Procedural Background

On July 20, 2013, Alcender Williams, Jr. (“Williams”), was walking on foot and attempted to cross the intersection of Grayl-ing Lane and Hawes Street in Monroe, Louisiana. A 2007 Nissan Armada, owned by Sharon Davis (“Ms. Davis”) and operated by Eric Davis, struck Williams as he traversed the intersection. Williams-suffered injuries as a result of the collision, and Ms. Davis’s liability insurance policy was insufficient to cover his entire claim.
On April 25, 2014, Williams filed suit against USAgencies Casualty Insurance Companies (“USAgencies”), the automobile insurer of Williams’s mother, Bernadine Hubbard (“Hubbard”). Williams alleged that the insurance provided by Progressive was insufficient to cover his claim and that USAgencies was required to cover the remaining damages through Hubbard’s UM policy.
^Subsequently, USAgencies filed a motion for summary judgment on the issue of policy coverage. USAgencies argued that Williams was excluded from UM coverage because Hubbard never paid a premium that would provide coverage to Williams. In support of its motion, USAgencies produced a document called “Named Driver Exclusion Endorsement.” USAgencies further argued that since Williams was an excluded driver under the liability provision of the policy, he could not be entitled to UM benefits under the policy.
■In response, Williams filed a cross motion for summary judgment, asserting that he was a covered family member under the policy and a pedestrian when the injury occurred. Therefore, he argued that the excluded driver endorsement was irrelevant and he was entitled to UM protection and medical payment benefits of the policy. '
*98 The trial court issued its initial written reason for judgment on November 20, 2014. The court granted both sides summary judgment in part. The court determined that Williams was excluded from UM coverage (under Part C of the policy) as. a named excluded operator but allowed coverage under the med pay (Part B) portion of the policy which defined a covered person as a family member who is “struck [by] a motor vehicle.”
Williams requested a rehearing oh the matter of UM coverage. The court reconsidered its earlier ruling and ultimately ruled in favor of Williams on the issue of UM coverage. The court adopted the argument made by Williams “relating to ambiguity in the policy provisions.” The court found “that interpretation is ... made against the party providing the | ¡¡content of the document and in favor ... of the other party under Civil Code Article 2056.” It is from this partial summary judgment that USAgencies appeals.

Applicable Provisions of the ÜSAgencies Policy

Hubbard’s USAgencies policy provides coverage of $15,000/$30,000 for liability and UM, and $1,000 for medical payments. USAgencies does not dispute that the $1,000 medical payment coverage applied to Williams for this accident. This results because Williams is a family member residing with Hubbard, as defined in the policy.[1] USAgencies asserts, however, that his status as a “named'excluded operator,” also defined in the policy, excludes Williams from UM coverage.
In the definitions section of the policy, named excluded operator is defined as follows:
[A]ny person who by written agreement, contained in the application or by endorsement to this Policy, signed by any applicant for this Policy, or the applicant’s legal representative, is listed as a person who shall be excluded from coverage under this Policy, whether or not that listed excluded person is you, the named insured, the spouse of the named insured, a family member of the named insured, or any other person who but for being named as an excluded operator would have been a person insured under the terms of this Policy or by operation of law.
The application for insurance lists Williams as an excluded ■ driver and discusses the excluded coverage" as follows:
[p]ersons that lived in [named insured] household and [named insured] requests in writing to exclude these persons from any benefit of the policy, (i.e. repair of listed vehicle, any investigation of an accident, or any defense from any lawsuit brought against [named insured] or the named person(s)). USAgencies Casualty Insurance [.¡Company will not be responsible for any damage caused by an excluded person or non-listed household resident not found on the application.
[[Image here]]
Excluded Persons: ... Alcender A Williams Jr.
The named driver exclusion policy endorsement also lists Williams as being excluded from coverage, as follows:
This endorsement supersedes and excludes from the policy any contrary provision(s).
In consideration of the premium charged, the Named Insured agrees that *99 no coverage provided by the Company is afforded while any vehicle listed on this policy is being used, driven, operated or manipulated by, or under the care of: Name:
[[Image here]]
Alcender A Williams Jr.
IsThe insuring agreement for the $1,0(30 medical payment coverage (Part B) reads as follows:
Insuring Agreement for Part B Subject to the limit of liability shown on the declarations page, if you pay a premium for Medical Payments Coverage, we will pay the customary, reasonable and necessary medical expenses and funeral expenses because of bodily injury sustained by a covered person caused by an auto accident.
Part B then defines a covered, person as the “[named insured], a family member or any additionally listed driver while occupying or when struck by a motor vehicle.” The term “occupying” is defined in the policy as follows:
[Bjeing in, upon, or getting into, onto or out of, or parking, driving or operating your insured auto.
Finally, Part B expressly withdraws from its coverage any “bodily injury arising out of the operations or use of a motor vehicle by a named excluded operator.”
The insuring agreement for UM coverage (Part C) for the Hubbard policy reads as follows:
If [named insured] have paid the applicable premium for this coverage, we will pay damages other than punitive or exemplary damages, for bodily injury which a covered person is legally entitled to recover from the owner or operator of an uninsured motor vehicle or underinsured motor vehicle up to the limit of liability as defined in this Part. The bodily injury must be caused by accident and arise out of-the ownership, maintenance or use of uninsured motor vehicle or underinsured motor vehicle. We will pay for damages covered under Part C only after the bodily injury limits of liability under liability or bonds, certificates or other such instruments applicable to an underinsured motor vehicle have been exhausted by payment of judgments or settlements.
The Part C UM coverage first defines “covered person” to include a family member but ends with an exclusion that states that a “covered person shall not include a named excluded operator.” Under another broad listing of the exclusions for Part C, the policy reiterates that the “[insurer] [does] not provide coverage under any Section of Part C arising out of the operation or use of [the] insured auto or any other vehicle insured under this Part by a named excluded operator.”
In this case, Ms. Hubbárd executed the state form for selection of UM coverage which provides as follows:
I select UMBI Coverage which will compensate me for my economic and non-economic losses, with the same limits as my Bodily Injury Liability Coverage..
The choice I . made by my initials on this form will apply to all. persons insured[1] under my policy.

Discussion

Interpretation of an insurance contract is usually a legal question that can be properly resolved in the framework of a motion for summary | ¡judgment. Broadm-oor Anderson v. National Union Fire Ins. Co. of La., 40,096 (La.App.2d Cir.9/28/05), 912 So.2d 400, 403-404, unit denied, 05-2462 (La.3/24/06), 925 So.2d 1239, citing Robinson v. Heard, 01-1697 (La.2/26/02), 809 So.2d 943; Harrison v. Morrison & Son, Inc., 37,992 (La.App.2d Cir.12/10/03), *100 862 So.2d 1065, writ denied, 04-101 (La.3/19/04),.869 So.2d 857. An appellate court reviews a trial court’s granting of summary judgment de novo. Valentine v. Raeford Farms of La., L.L.C., 48,219 (La. App.2d Cir.7/24/13), 121 So.3d 742, writ denied, 13-2493 (La.1/17/14), 130 So.3d 948;
An insurance policy is a contract between the parties and should be 'construed using the general rules of interpretation of contracts set forth in the Louisiana Civil Code. Green ex rel. Peterson v. Johnson, 14-0292 (La.10/15/14), 149 So.3d 766, 770, citing Sims v. Mulhearn Funeral Home, Inc., 07-0054 (La.5/22/07), 956 So.2d 583, 589-90. The responsibility of the judiciary in interpreting insurance contracts is to determine the parties’ common intent; this analysis is begun by reviewing the words of the insurance contract. Green, supra at 771, citing Sims, supra. When the words of an insurance contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties’ intent, and courts must enforce 'the contract as' written. La. C.C. árt.2046; Green, supra, citing Sims, supra. The determination of whether a contract ■ is clear or ambiguous is a question of law. Green, supra, citing Sims, supra. ■ Any doubt or ambiguity in an insurance policy must be construed in favor of the insured and against the insurer, and when the 17ambiguity relates to an exclusionary clause, the law requires that the contract be interpreted liberally in favor of coverage. Oxner v. Montgomery, 34,727 (La. App.2d Cir.8/1/01), 794 So.2d 86, 90, writ denied, 01-2489 (La.12/7/01), 803 So.2d 36.
In Louisiana, UM coverage .is provided by statute and embodies a strong public policy. Bernard v. Ellis, 11-2377 (La.7/2/12), 111 So.3d 995. The statutes providing for UM coverage in the absence of a- valid rejection or selection of lower limits must be liberally construed, while the statutory exceptions’to UM coverage must be strictly, construed. Gray v. American Nat. Property & Cas. Co., 07-1670 (La.2/26/08), 977 So.2d 839, 845, citing Duncan v. U.S.A.A. Ins. Co., 06-363 (La. 11/29/06), 950 So.2d 544,. 547. Any exclusion from coverage must be clear'and unmistakable. Id. The burden’is on the insurer to prove any insured named in the policy rejected in writing the coverage equal to bodily injury coverage' or selected lower limits. Id. UM coverage is determined by contractual provisions and by applicable statutes. Green, supra. Under the UM statute, currently La. R.S. 22:1295, the requirement of UM coverage is' an implied amendment to any automobile liability policy, even when not expressly addressed, as UM coverage will be read into the policy unless validly rejected. Green, supra, citing Duncan, supra at 547. A person who does not qualify as a liability insured under á policy of insurance is not entitled to the statutory guarantee provided for in the UM statute. Green, supra, citing Filipski v. Imperial Fire & Cas. Ins. Co., 09-1013 (La.12/1/09), 25 So.3d 742; Cadwallader v. Allstate Ins. Co., 02-1637 (La.6/27/03), 848 So.2d 577. However, even when a insurer is not required by | slaw to provide UM coverage, it is nevertheless free to contract to do. Green, supra.
With Williams admittedly covered under the Part B provisions for .a $1,000 medical payment, an initial review of that coverage is important for the overall contextual interpretation of the policy. The Part B coverage applies to the named insured and a family member while driving or otherwise occupying a vehicle, or when struck by a vehicle.- .The provision makes no exception for a covered driver’s own negligence causing medical damages to herself *101 or other covered persons. This broad no-fault benefit, however, is expressly withdrawn altogether for all covered persons for their “bodily injury arising out of the operation or use of a motor vehicle by a named excluded operator.” Thus, this, language of blanket exclusion applies to the medical payment coverage for all covered persons when the named excluded driver is operating any vehicle[2] in an accident that causes medical damages.
From consideration of the differing accident risks that affect covered parties under Part C triggering UM coverage, the common denominator is, of course, an accident involving an uninsured/underih-sured motor vehicle with fault on the owner or user of that vehicle. As to the party or parties injured and covered by the Hubbard policy, they may be driving or otherwise occupying a vehicle, or simply be struck as a pedestrian by an uninsured/un-derinsured vehicle. Thus, USAgeneies’ position is that|awhether Williams was the driver of a vehicle, a non-driver occupant of a vehicle, or a pedestrian, the UM' coverage definition, which states that such coverage “shall not include a named excluded driver,” creates a complete exclusion of any UM policy benefit for Williams.
“Named excluded operator” is a defined term under the policy. It identifies any person “who by written agreement, contained in the application or by endorsement to, this Policy, ... is listed as a person who shall be excluded from coverage under this Policy.” That definition therefore incorporates by reference the agreement set forth in the policy’s application and endorsement.
Both the application and endorsement list Williams’s name. Additionally, the person’s actions which place him in the excluded operator catégory are also specified in the application and endorsement. The application excludes damage caused by Williams/ It identifies liability coverages under the policy that are excluded. More broadly, the endorsement states that while an insured vehicle is being driven or in use by Williams, no coverage shall arise under the policy. Thus, with the definition of “named excluded operator” incorporating the “written agreement” for exclusion expressed, in the policy’s application and endorsement, the concise meaning for this crucial definition is: Williams, while operating an .insured vehicle.
For our interpretation of the policy’s exclusion of UM coverage, we first note that we áre actually dealing with three separate expressions in the policy: ■
■hd) After defining “covered persons” • ■ for Part 0 to include family mem- ■ : bers,-the policy states that coverage “shall not include a named excluded operator.”
(2) The endorsement states that no coverage is afforded while any policy vehicle is used, driven, operated or manipulated by Williams.
(3) Under the policy subheading “Exclusions for Part C, All Sections,” it is stated that coverage “arising out of the operation or use of [the] insured auto qr any other vehicle insured under this Part by a named excluded , driver” is not provided.
The second and third expressions of exclusion, which are virtually duplicative, clearly support the. trial court’s ruling since Williams was injured in an accident while not acting as a. driver.
■ The. definition of “covered person” for Part C is the disputed provision by which *102 USAgencies makes its argument .for Williams’s total exclusion of UM benefits. Significantly, Williams falls within two defined categories for persons under the general policy definitions. He is a “family member,” and he is a “named excluded operator.” Both of these defined terms are used in Part C’s definition of “covered person.” These two categories for Williams’s status under the policy are not mutually exclusive. As seen under the Part B coverage, the fact that Williams is a named excluded operator does not totally exclude him from policy coverage as a family member. Thus, 'in a similar manner, the Part C definition for covered person affords Williams UM coverage as a family member. The question is whether that benefit is then entirely withdrawn by the disputed exclusion language of Part C. From our interpretation of that language and the policy |nas a whole, we find no exclusion of the UM benefit from Williams in this instance.
When the policy states that the covered person status for' an otherwise identified family member “shall not include a named excluded operator” (émphasis added), it requires employment of the meaning of the defined policy term, “named excluded operator.” ‘Where a policy of insurance contains a definition of any word or phrase, this definition is controlling.” Kottenbrook v. Shelter Mut. Ins. Co., 46,312 (La.App.2d Cir.5/18/11), 69 So.3d 661, writ denied, 11-1283 (La.9/23/11), 69 So.3d 1166. Williams is a “named excluded operator” when his conduct falls within the policy’s definition of named excluded operator: Otherwisé, he remains only a family member entitled to Part C coverage. As á pedestrian in this accident, his conduct did not define him as a named excluded operator.
A clear expression of the exclusion which USAgencies now seeks by its interpretation would state that no family member, who is also a named excluded operator, shall receive UM coverage whether or not he is driving an insured vehicle or any vehicle. This highlighted language would be necessary because the policy’s defined term, “named excluded operator,” has meaning only in terms of the excluded person’s driving. With no' clear exclusion, the policy’s grant of UM coverage to family members applies.
Finally, we are not swayed by USAgen-cies’ argument that this allowance of benefits to Williams is contrary to the reduced rate for premiums Hubbard paid as the result of the named driver exclusion endorsement.. USAgencies cites La. R.S. 32:900(L) for its authority to |12“exclude from coverage any other named person who is a resident of the same household as the named insured.” The cited statute, as seen by its. caption, governs and defines the “motor vehicle liability .policy.” Clearly, the driving risk excluded under the Hubbard policy . pertained only to Williams’s liability for a motor vehicle accident, and the policy premium was reduced accordingly. Our interpretation of the UM coverage benefit applies only to the present situation where Williams was not driving a vehicle and no liability on his part could have arisen.
Regarding the UM statutory law, which USAgencies claims is also violated, we recognize that a person who is not insured for liability under a policy is not entitled to the statutory UM guarantee provided by the UM statute. However, in this setting, US-Agencies extended the UM benefit by its Contract to an insured family member who was not covered for liability under the policy. USAgencies’ contractual freedom to extend that, coverage does not conflict with our UM law.

*103
Conclusion

For the above reasons, the judgment of the trial court concerning the insurance coverage of USAgencies’ policy is affirmed. Costs of appeal are assessed to appellant.
AFFIRMED.
MOORE, J., dissents with written reasons.

. "Family member” means a person residing in the same household as you [the named insured], and related to you by blood, marriage or adoption including a ward or foster child.

. Since this exclusion applies to any vehicle operated by a named excluded operator, it is more broad than the exclusion of the endorsement which excludes all coverage for the operation of “any vehicle listed on this policy” by a named excluded operator.