WILLIAMS, J.
*452 The defendant, GEICO Indemnity Company ("GEICO"), appeals a judgment rendered in favor of the plaintiff, Michael Jacobs. For the following reasons, we amend the judgment to reflect that interest on the award of attorney fees shall begin to accrue from the date of final judgment, and to award an additional $1,500 in attorney fees for the appeal. We affirm the judgment as amended.
FACTS
In March 2016, a catastrophic flood affected multiple parishes in North Louisiana. Due to heavy rainfall and flooding, the region sustained devastating flood damage to homes, businesses and vehicles. The plaintiff, Michael Jacobs, lived in the Tanglewood Subdivision located on the south side of Monroe. The Tanglewood area was heavily affected by the flood.
The plaintiff was the owner of multiple vehicles, including a 2001 Honda Accord ("the Honda"). The plaintiff's vehicles were insured by GEICO.[1] According to the plaintiff, when the flooding began, he and his brother attempted to move the vehicles from his residence to "higher ground." The plaintiff stated that they managed to move some of the vehicles; however, by the time they returned to retrieve the Honda, the flood waters were rising and his brother was unable to approach the house in the vehicle he was driving. Therefore, the plaintiff waded through the water to retrieve the Honda and was able to drive it through the flood waters. However, as he was driving the Honda to his mother's home in West Monroe, he noticed that the vehicle was "running hot." The plaintiff testified that the Honda continued to "overheat" in the days following the flood. He maintained that the Honda was not overheating prior to the flood.
The plaintiff submitted a claim to GEICO for the flood damage to his vehicles, including the Honda. GEICO paid the claims for the flood damage to the plaintiff's other vehicles but sent Kyle Vickers, its property damage adjuster, to inspect the Honda. The inspection took place on April 7, 2016, approximately one month after the flood. The report prepared by Vickers and transmitted to his supervisor at GEICO provided, in pertinent part:
* * *
1. Upper Radiator hose blew out, not flood related is
2. mechanical failure - no coverage for loss
3. Unable to determine any water dmg at this time
* * *
Vickers informed the plaintiff of his findings and informed him that he was entitled to take his vehicle to the mechanic of his choice for a second opinion. The written report prepared by Vickers included photographs of the vehicle, but it did not indicate whether or not he inspected the interior or the trunk of the Honda for evidence of flood damage.
Thereafter, the plaintiff had the Honda towed to Ryan Honda, a local Honda dealership, to be inspected, and told Amanda McKnight, the service adviser, that the Honda need to be inspected for flood damage. McKnight prepared the work order for the vehicle.[2] In her deposition, *453 McKnight testified that she informed Perry Wayne Porter, a mechanic at the dealership, that the vehicle needed to be inspected for flood damage. However, Porter testified that McKnight did not inform him that the vehicle had possibly sustained flood damage, and she did not ask him to inspect the vehicle for evidence of flooding. According to Porter, he was informed that the Honda would not start and was asked to determine the cause.[3] Thereafter, Porter inspected the vehicle for mechanical issues and observed coolant on two of the spark plugs. He stated that he was able to start the vehicle after he changed the spark plugs.
On July 28, 2016, GEICO denied the plaintiff's claim with regard to his Honda. In a letter addressed to the plaintiff, GEICO stated that the policy of insurance did not provide "coverage for loss caused by and limited to wear and tear, freezing, mechanical or electrical breakdown or failure[.]" GEICO also stated, "This disclaimer is made because upon inspection of the vehicle, the damage is not flood related and [was] caused by wear and tear of the vehicle."
On March 7, 2017, the plaintiff filed a lawsuit against GEICO, seeking to recover property damage and attorney fees. In the petition, the plaintiff alleged that the Honda "was damaged due to water flooding his vehicle," and "as a result of this flooding, [his] vehicle was a total loss."[4]
On the morning of the trial, the Honda was inspected by Christopher Hemphill, a used car dealer. Hemphill conducted a flood damage inspection and determined that the Honda had been damaged by flood water.
A bench trial was conducted on December 5, 2017, during which the plaintiff testified regarding the events leading up to the damage to the Honda and the events that took place thereafter. Additionally, Hemphill, Vickers and Porter testified with regard to their inspections of the Honda. After taking the matter under advisement, on December 20, 2017, the trial court filed into the record a judgment in favor of the plaintiff, finding that the evidence established that "the plaintiff's vehicle suffered water damage[.]" The court ordered attorney fees "together with legal *454 interest thereon from date of judicial demand[.]"
Subsequently, on January 19, 2018, the trial court rendered a "Final Judgment," awarding to the plaintiff vehicle property damages in the amount of $2,000, and attorney fees in the amount of $1,500.[5] The court also awarded the plaintiff legal interest from the date of judicial demand and the costs of the proceedings.
GEICO appeals.
DISCUSSION
GEICO contends the trial court erred in finding in favor of the plaintiff. It argues that the insurance policy was not introduced into evidence at trial; therefore, the trial court could not determine what obligation, if any, was owed under the terms of the policy.
As a general rule, appellate courts will not consider issues that were not raised in the pleadings, were not addressed by the trial court, or are raised for the first time on appeal. Costello v. Hardy, 2003-1146 (La. 1/21/04), 864 So.2d 129 ; Mendoza v. Grey Wolf Drilling Co., LP. , 46,438 (La. App. 2 Cir. 6/22/11), 77 So.3d 18, 27, writ denied , 2011-1918 (La. 11/14/11), 75 So.3d 943.
The record reflects that GEICO did not raise the issue of insurance coverage at trial. Nor did GEICO object to the introduction into evidence the letters it sent to the plaintiff acknowledging the existence of "flood damage" insurance coverage. The parties proceeded to trial based on the presumption that insurance coverage existed for flood damage, but not for mechanical issues or normal wear and tear of the vehicle.[6] GEICO defended the lawsuit by arguing that the damage to the Honda was not flood-related and that coverage under its insurance policy did not apply to "wear and tear, freezing, mechanical or electrical breakdown or failure[.]" Under the facts of this case, we find that the argument that the GEICO insurance policy was not introduced into evidence is meritless.
GEICO also contends the trial court erred in finding that the Honda had suffered damage from the flood. According to GEICO, the evidence established that the damage to the Honda was caused by wear and tear, and was not attributable to water or flood damage.
An appellate court may not set aside a trial court's finding of fact in the absence of manifest error or unless it is clearly wrong. Where two permissible views of the evidence exist, the factfinder's choice between them cannot be manifestly erroneous or clearly wrong. Cole v. State, Dept. of Public Safety and Corr. , 2001-2123 (La. 9/4/02), 825 So.2d 1134 ; Stobart v. State, Dept. of Transp. & Dev. , 617 So.2d 880 (La. 1993) ; State Farm Mut. Auto. Ins. Co. v. Carter , 46,608 (La. App. 2 Cir. 11/2/11), 77 So.3d 1036. To reverse a factfinder's determination, the appellate court must *455 find from the record that a reasonable factual basis does not exist for the finding of the trial court and that the record establishes that the finding is clearly wrong. Stobart , supra ; H.D. Graphics, L.L.C. v. It's Permanent, L.L.C. , 49,405 (La. App. 2 Cir. 10/1/14), 150 So.3d 936. Even though an appellate court may feel its own evaluations and inferences are more reasonable than the factfinder's, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review where conflict exists in the testimony. Cole , supra ; Rosell v. ESCO , 549 So.2d 840 (La. 1989).
In the instant case, Hemphill testified that he had been a used car dealer for more than 28 years, and as such, he was proficient in performing inspections of vehicles for evidence of flood damage. He stated that he found evidence of water damage from flooding when he inspected the Honda's trunk, engine, seat bolts and carpet. According to Hemphill, he lifted the trunk mat and observed "obvious signs of insulation damage due to water and rusting on the spare tire." Further, he testified that the "insulation had been torn up and wet, nasty," there was "flood damage and water or rust developing ... around the bolts that hold the seats down," and the vehicle's engine mounts were "rusty." Hemphill also described the carpet in the Honda as "compressed down," "matty looking" and "black," which indicated that the vehicle had sustained flood damage.[7] On cross-examination, Hemphill testified that the carpet had been "definitely wet." He also testified it was not possible that the damage to the carpet was caused by "somebody getting in there with wet feet" because the damage was "way worse than that."[8]
Conversely, Vickers testified that he did not observe any flood damage to the Honda. He stated that based on his inspection, the only issue he detected was the damage to the radiator hose. Vickers admitted that he did not inspect the trunk, the seat bolts, the engine mounts or the area underneath the carpet for signs of rusting.
The trial court was faced with two permissible views of the evidence: Hemphill testified that the Honda sustained flood damage, and Vickers testified that it did not. It is apparent that the trial court found Hemphill's testimony to be credible. Based on our review of the record, we find that the trial court was not manifestly erroneous or clearly wrong in finding that the Honda sustained water damage due to the rising flood waters. Consequently, the trial court's determination will not be disturbed by this court.
GEICO also contends the trial court erred in awarding attorney fees. It argues that the denial of the claim was based on the inspection conducted by its claims adjuster. Therefore, according to GEICO, its refusal to pay the claim was not arbitrary, capricious or without probable cause.
An insurer owes its insured a duty of good faith and fair dealing. As such, an insurer has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims. La. R.S. 22:1973(A). Louisiana law provides for penalties, including attorney fees, against an insurer whose failure to pay a claim after receiving satisfactory proof of loss is found *456 to be arbitrary, capricious, or without probable cause.[9] Both La. R.S. 22:1892(B)(1) and La. R.S. 22:1973(B)(5) and (C) are penal in nature and must be strictly construed. Cooper v. Farmers Ins. Exch. , 50,978 (La. App. 2 Cir. 11/23/16), 210 So.3d 829 ; Jones v. Johnson , 45,847 (La. App. 2d Cir. 12/15/10), 56 So.3d 1016.
To prevail under 22:1892(B)(1), the claimant must establish that the insurer received satisfactory proof of loss, failed to pay the claim within the applicable statutory period, and that the failure to timely tender a reasonable amount was arbitrary and capricious. Id. Satisfactory proof of loss within the meaning of the statute is that which is sufficient to fully apprise the insurer of the insured's claim. McDill v. Utica Mutual Ins. Co. , 475 So.2d 1085 (La. 1985) ; Cooper , supra ; Jones , supra .
Moreover, for the court to assess penalties and attorney fees, the claimant must show that the insurer was in fact arbitrary, capricious, or without probable cause in refusing to pay. Cooper , supra ; Jones , supra . The phrase "arbitrary, capricious, or without probable cause" is synonymous with "vexatious" and means a refusal to pay that is unjustified and without a reasonable or probable cause or excuse. Reed v. State Farm Mut. Auto. Ins. Co. , 2003-0107 (La. 10/21/03), 857 So. 2d 1012 ; Cooper , supra . Thus, penalties and attorney fees are inappropriate when the insurer has a reasonable basis to defend the claim and was acting in good faith reliance on that defense. Guillory v. Lee , 2009-0075 (La. 6/26/09), 16 So. 3d 1104 ; Cooper , supra . This is especially true when there is a reasonable and legitimate question as to the extent and causation of a claim; bad faith should not be inferred from an insurer's failure to pay within the statutory time limits when such reasonable doubt exists. Guillory , supra ; Cooper , supra .
*457 Whether the insurer's actions were arbitrary, capricious, or without probable cause, such that sanctions should be imposed, is a question of fact, and the trial court's finding should not be disturbed absent manifest error. Cooper , supra ; Jones , supra .
In the instant case, the plaintiff testified that he started to move his vehicles from his house when the flood waters began to rise. He stated that by the time he could return to move the Honda, the waters had risen, forcing him to drive the vehicle through flooded streets. After paying the claims on the plaintiff's other vehicles, GEICO sent Kyle Vickers, a damage inspector, to inspect the Honda approximately one month after the flood. At trial, Vickers testified that he inspected the vehicle for flooding. However, he admitted that he did not inspect the trunk, and the photographs indicated that he did not lift the carpet or look underneath the seats for signs of rusting. Vickers stated that he concluded that the vehicle had not been damaged by flooding because the carpet and air filter were not wet (a month after the flood), he did not detect the smell of mildew, and the engine oil was not "milky." However, as stated above, the report prepared by Vickers did not contain any notations with regard to the carpet, air filter, engine oil or smell of mildew.
After reviewing the evidence, the trial court apparently found that GEICO's action - denying the insurance claim without performing a complete inspection for flood damage - was "unjustified and without a reasonable or probable cause or excuse," i.e. , arbitrary, capricious, or without probable cause. Notwithstanding Hemphill's testimony at trial, the evidence of record demonstrates that although GEICO paid the flood claims on the plaintiff's other vehicles, the insurer inexplicably sent its claims adjuster to inspect the Honda. The report prepared by Vickers, the GEICO claims adjuster, revealed that he did not fully inspect the vehicle for flood damage. We find no manifest error in the trial court's findings or in the award of attorney fees. This assignment lacks merit.
GEICO also contends the trial court erred in ordering legal interest on the award for attorney fees to be calculated from the date of judicial demand. The insurer argues that interest on the award of attorney fees should be calculated from the date of the judgment. This assignment has merit. Any award of legal interest on attorney fees can be assessed only from the date of judgment. Arceneaux v. Amstar Corp. , 2010-2329 (La. 7/1/11), 66 So.3d 438 ; Mayfield v. Reed , 43,226 (La. App. 2 Cir. 4/30/08), 981 So.2d 235. Accordingly, we find that the trial court erred in awarding interest on the attorney fees from the date of judicial demand. We hereby amend the judgment to reflect that interest on the award of attorney fees will accrue from the date of the final judgment.
ANSWER TO APPEAL
The plaintiff has answered the appeal and requested additional attorney fees incurred for the appeal of this matter. Generally, an increase in attorney fees is allowed where a party was awarded attorney fees by the trial court, is forced to defend an appeal, and is successful on appeal. Rent-A-Ctr. E., Inc. v. Lincoln Par. Sales & Use Tax Comm'n , 46,054 (La. App. 2 Cir. 3/9/11), 60 So.3d 95, writ denied , 2011-0713 (La. 5/20/11), 63 So.3d 985 ; Family Care Services, Inc. v. Owens , 45,505 (La. App. 2 Cir. 8/11/10), 46 So.3d 234.
In the instant case, in his request for additional attorney fees, counsel for the plaintiff did not include an invoice or affidavit to show a specific amount for the work completed in connection with this appeal. However, because we have affirmed *458 the trial court's findings in favor of the plaintiff, we find it appropriate to award reasonable attorney fees for the appeal. Given the nature of the case, we find an additional award in the amount of $1,500 is reasonable. We thus amend the judgment to award attorney fees for the plaintiff in the amount of $1,500.
CONCLUSION
For the reasons set forth herein, we hereby amend the trial court's judgment to reflect that the interest on the award of attorney fees shall begin to accrue from the date of the final judgment. We also amend the judgment to award the plaintiff, Michael Jacobs, an additional $1,500 in attorney fees for the appeal. The judgment, as amended, is affirmed. Costs of the appeal are assessed to the defendant, GEICO Indemnity Company.
AMENDED; AFFIRMED AS AMENDED.

The plaintiff testified that the following vehicles were insured by his GEICO insurance policy: the 2001 Honda Accord, a 2007 BMW 335I, a 2008 BMW 530I, a 2010 Honda Accord Cross Tour, and a 1966 Ford Mustang.

During her deposition, McKnight testified that as a service adviser, she would "talk to the customer, make a ticket, get the concerns of the customer, and then go over their concerns that they're having."

McKnight did not testify at trial. However, in her deposition, she stated that she was present when Porter inspected the vehicle for flood damage. She also stated that Porter showed her the damaged radiator hose and told her that the vehicle did not have flood damage.

The plaintiff also alleged as follows:
5.
Prior to this accident, Defendant GEICO INDEMNITY COMPANY, issued to and/or for of Plaintiff * * * a policy of automobile insurance covering the vehicle owned by Plaintiff herein, which included comprehensive and collision coverages. Said policy, was in full force and effect at the time of [the flood].
* * *
GEICO answered the petition generally denying the allegations. With regard to the insurance policy, GEICO stated:
5.
The allegations of Paragraph 5 of the plaintiff's Petition for Damages are denied for lack of sufficient information to justify a belief therein except to aver that if a relevant policy of insurance was afforded herein by GEICO Indemnity Company, said policy is that best evidence of its contents and is pled herein as if copied herein in extenso . GEICO Indemnity Company specifically denies any allegations which tend to contradict, contravene or enlarge upon the terms, conditions, exclusions or limitations of said policy.
* * *

The plaintiff did not file an answer to the appeal with regard to the amount of damages awarded.

The plaintiff introduced into evidence two letters written by GEICO. One letter, dated August 3, 2016, provided, in pertinent part:
* * *
The applicable policy provides, in part, as follows:
When The Physical Coverages Do Not Apply:
4. There is no coverage for loss caused by and limited to wear and tear, freezing, mechanical or electrical breakdown or failure, unless that damage results from a covered theft.
This disclaimer is made because upon inspection of the vehicle the damage is not flood related and caused by wear and tear of the vehicle.
* * *
(Emphasis added).

Photographs taken by Hemphill were introduced into evidence at trial.

Hemphill stated that prior to the flood the retail value of the Honda would have been $3,625. However, according to Hemphill, a vehicle that has "major flood damage" is not marketable, making the value of the Honda $0.

At the time the damage was sustained and the lawsuit was filed, La. R.S. 1892(B)(1) provided:
Failure to make such payment within thirty days after receipt of such satisfactory written proofs and demand therefor or failure to make a written offer to settle any property damage claim, including a third-party claim, within thirty days after receipt of satisfactory proofs of loss of that claim, as provided in Paragraphs (A)(1) and (4) of this Section, respectively, or failure to make such payment within thirty days after written agreement or settlement as provided in Paragraph (A)(2) of this Section when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty, in addition to the amount of the loss, of fifty percent damages on the amount found to be due from the insurer to the insured, or one thousand dollars, whichever is greater, payable to the insured, or to any of said employees, or in the event a partial payment or tender has been made, fifty percent of the difference between the amount paid or tendered and the amount found to be due as well as reasonable attorney fees and costs. Such penalties, if awarded, shall not be used by the insurer in computing either past or prospective loss experience for the purpose of setting rates or making rate filings.
La. R.S. 22:1973 provides, in pertinent part:
B. Any one of the following acts, if knowingly committed or performed by an insurer, constitutes a breach of the insurer's duties imposed in Subsection A of this Section:
* * *
(5) Failing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause.
* * *
C. In addition to any general or special damages to which a claimant is entitled for breach of the imposed duty, the claimant may be awarded penalties assessed against the insurer in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater. Such penalties, if awarded, shall not be used by the insurer in computing either past or prospective loss experience for the purpose of setting rates or making rate filings.