Judgment rendered April 13, 2022.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 54,256-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

JUDY MAXIE                                          Plaintiff-Appellant

versus

ANNIE BATES, MARLOS BATES &           Defendants-Appellees
FOREMOST INSURANCE GROUP

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 613,235

Honorable Ramon Lafitte, Judge

* * * * *

GORDON McKERNAN INJURY                 Counsel for Appellant,
ATTORNEYS                                           Judy Maxie
By:  H. Dean Lucius, Jr.


BOLEN, PARKER, BRENNER,                   Counsel for Appellee,
LEE & MILLER, LTD.                               Foremost Insurance Company
By: Daniel G. Brenner                             Grand Rapids, Michigan
      Jonathan Asher Cobb


LUNN IRION LAW FIRM                          Counsel for Appellees,
By: Gerald M. Johnson, Jr.                       Annie Bates & Marlos Bates


LUNN IRION LAW FIRM                          Counsel for Appellee,
By: Joseph Martin Lattier                        United Service Automobile
                                                            Association

* * * * *

Before MOORE, COX, and STEPHENS, JJ.

**STEPHENS, J.**

Plaintiff-appellant, Judy Maxie, has appealed from the trial court's grant of summary judgment in favor of defendant-insurer, Foremost Insurance Company, based on the finding that the business pursuits exclusion contained in its fire policy did not provide coverage for Ms. Maxie's injuries. For the reasons set forth below, we affirm the trial court's judgment.

## FACTS AND PROCEDURAL HISTORY

At approximately 3:03 a.m. on December 16, 2017, a fire began at the residence located at 207 W. 69th Street in Shreveport, Louisiana. The home was owned by the children of Annie Bates ("Ms. Bates"), who managed it and several other rental properties in Shreveport. At the time of the fire, the entirety of the residence was leased to Ms. Bates' nephew, Mickey Yearling ("Yearling"). Yearling had been living at the home for approximately seven years prior to the fire. Each year the parties executed a one-year lease which provided for a monthly rental payment of $600.00. Ms. Maxie was living with Yearling on December 16, 2017, having moved in with him about three years previously. Ms. Maxie, who was asleep on a couch inside the residence at the time of the fire, sustained second degree burns to her right arm, back, chest, and face, and suffered from smoke inhalation.

On the date of the fire, the residence was covered by a "Dwelling Fire One Policy-Owner Occupied" policy issued by Foremost to Ms. Bates. The policy excluded coverage for bodily injury arising from any business pursuit, as well as for bodily injury to any persons other than the insured(s) regularly residing on the premises. Yearling's lease covered the entire residence, and

neither Ms. Bates nor the owners ever resided therein during Yearling's tenancy.

Ms. Maxie filed suit against defendants, Ms. Bates, Marlos Bates,[1] and Foremost, on December 11, 2018, seeking damages for injuries she sustained as a result of the fire. Foremost filed its answer on February 14, 2019, alleging, *inter alia*, that its policy provided no coverage for Ms. Maxie's losses. Foremost filed a motion for summary judgment on September 25, 2019, urging that because the Bates defendants did not reside on the property at the time of the fire that caused Ms. Maxie's alleged injuries, her claim arises out of a business pursuit of the Bates defendants and is clearly excluded from coverage under the insurance policy issued by Foremost. There being no genuine issue of material fact as to this exclusion, Foremost alleged, it is entitled to judgment as a matter of law. Ms. Maxie filed a brief setting forth her opposition, a hearing was held, and the trial court's judgment denying summary judgment was rendered on December 9, 2019.[2]

Foremost filed a second motion for summary judgment on November 5, 2020, asserting that because Ms. Maxie was a resident of the dwelling when the fire occurred, coverage for her claim is excluded. Foremost also re-urged its business pursuits exclusion argument. Ms. Maxie's opposition to summary judgment was filed on February 12, 2020. A hearing was held on March 1, 2021, and the trial court granted the motion for summary

---

[1] The residence at 207 W. 67th Street is co-owned by Ms. Bates' children. Marlos has a 50% interest, and the other 50% is equally divided between Shawn, Valencia, and James Bates, Jr.

[2] In this judgment, the trial court specifically provided that Foremost could submit another motion for summary judgment on the issue of coverage at a later date.

judgment, finding that the business pursuits exclusion applied and there was no coverage under the fire policy. Judgment granting the summary judgment motion and dismissing plaintiff's claims against Foremost with prejudice was signed on March 15, 2021. It is from this judgment that Ms. Maxie has appealed.

**DISCUSSION**

Ms. Maxie first asserts that Exhibit 4, a policy entitled "Dwelling Fire One Policy-Owner Occupied" filed in support of Foremost's motion for summary judgment is marked "sample" on every page; it was not executed by any of the parties to this litigation; and, there is a question as to the controlling terms of the policy that were applicable at the time of the fire that caused Ms. Maxie's injuries. Thus, there is a genuine issue as to whether the terms of the sample policy and *actual* policy are identical, similar, or wholly different.

Foremost argues that this issue was not raised before the trial court, but has been asserted for the first time on appeal, citing U.R.C.A. Rule 1-3, which provides:

> The Courts of Appeal will review only issues which were submitted to the trial court and which are contained in specifications or assignments of error, unless the interest of justice clearly requires otherwise.

Appellate courts will not consider issues that were not raised in the pleadings, were not addressed by the trial court, or are raised for the first time on appeal. *Thomas v. Bridges*, 2013-1855 (La. 5/7/14), 144 So. 3d 1001; *Hatfield v. Herring*, 54,048 (La. App. 2 Cir. 8/11/21), 326 So. 3d 944, *writ denied*, 2021-01377 (La. 12/7/21), 328 So. 3d 424; *Jacobs v. GEICO Indemnity Co.*, 52,372 (La. App. 2 Cir. 9/26/18), 256 So. 3d 449. As this

3

issue is not properly before us (and is undermined if not negated by the substantive arguments of Ms. Maxie, which in fact rely on language taken from this very policy), we decline to address this argument.

Ms. Maxie next urges that the applicability of the business pursuits exception in the Foremost fire policy was previously before the trial court on a motion for summary judgment, and the motion was denied. Foremost notes that the trial court specifically indicated that it was welcome to refile the motion once additional discovery had been conducted. Specifically, at the hearing on the instant motion, the trial court observed:

> I made my ruling last time and indicated that the defendants were free to refile the motion for summary judgment. I know that there were, I think there was some depositions to be taken….

Foremost did, in fact, introduce new evidence in support of the second motion for summary judgment: the deposition of Annie Bates, and another copy of the fire policy (although this one was without the Declarations Page that had been attached to the copy of the policy introduced with the first motion for summary judgment).[3] However, because a party may re-urge a previously denied motion for summary judgment, the initial denial of summary judgment on an issue does not bar a second motion for summary judgment on the same issue. *Rain and Hail*, *L.L.C. v. Davis*, 49,813 (La. App. 2 Cir. 5/20/15), 165 So. 3d 1204; *Simpson v. Davidson*, 35,048 (La. App. 2 Cir.10/31/01), 799 So. 2d 652; *State ex rel. Div. of Admin.*, *Office of Risk Management v. National Union Fire Ins. Co. of Louisiana*, 2010-0689 (La. App. 1 Cir. 2/11/11), 56 So. 3d 1236, *writ denied*, 2011-0849 (La.

---

[3] We note that the standard form policies submitted as exhibits attached to *both motions* appear to be identical and are both numbered Form 11000 03/06, which is the form described on the Declarations Page for the policy issued to the named insured, Annie Bates.

6/3/11), 63 So. 3d 1023. As noted by this Court in *Lloyd v. Shady Lake Nursing Home, Inc.*, 47,025 (La. App. 2 Cir. 5/9/12), 92 So. 3d 560, *writ denied*, 2012-1318 (La. 9/28/12), 98 So. 3d 844, the denial of a motion for summary judgment is merely an interlocutory ruling that does not bar reconsideration of the same issues raised in the unsuccessful motion.

Ms. Maxie next argues that "the trial court was incorrect when it stated at the March 1, 2021, hearing that plaintiff failed to attach documents to be considered at the hearing on the motion for summary judgment." The record, however, shows that Ms. Maxie did not attach any exhibits to her opposition. This argument is without merit, since, as recognized by plaintiff herself, the complained-of language came from the fire policy itself, and the trial court had the entire policy before it for consideration, introduced by Foremost as Exhibit 4 in support of the motion for summary judgment.

Ms. Maxie's final argument is that there is a genuine issue of material fact as to whether the business use exclusion of the fire policy applies in this case. According to plaintiff, the policy contains sections with differing language that, when applied, produce two different results under the facts of this case. Therefore, summary judgment was not proper, and this Court should reverse the trial court's judgment.

On the other hand, Foremost urges the Court to affirm the trial court's judgment as the policy clearly and unambiguously defines the term "business" and, under the facts of this case, the business pursuits exclusion applies, and the Foremost fire policy does not provide coverage for Ms. Maxie's injuries.

The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every civil action (except for

5

certain domestic matters). The procedure is favored and to be construed to accomplish those ends. La. C.C.P. art. 966(A)(2); *Murphy v. Savannah*, 2018-0991 (La. 5/18/19), 282 So. 3d 1034; *Dietle v. LaFleur*, 54,100 (La. App. 2 Cr. 9/22/21), 328 So. 3d 540. Appellate courts review summary judgments *de novo* under the same criteria that govern the district court's consideration of whether summary judgment is appropriate, i.e., whether there is any genuine issue of material fact, and whether the movant is entitled to judgment as a matter of law. *Guidry v. Brookshire Grocery Co.*, 2019-1999 (La. 2/26/20), 289 So. 3d 1026; *Murphy, supra*; *Babcock v. Blackman*, 53,931 (La. App. 2 Cir. 5/5/21), 317 So. 3d 899.

Interpretation of an insurance policy ordinarily involves a legal question that can be properly resolved by a motion for summary judgment. *Bernard v. Ellis*, 2011-2377 (La. 7/2/12), 111 So. 3d 995; *Kansas City Southern Railway Co. v. Wood Energy Group, Inc.*, 53,096 (La. App. 2 Cir. 1/15/20), 289 So. 3d 671; *Schelmety v. Yamaha Motor Corp., USA,* 50,586 (La. App. 2 Cir. 4/13/16), 193 So. 3d 194, *writ denied*, 2016-0903 (La. 9/6/16), 205 So. 3d 919; *Chreene v. Prince*, 52,351 (La. App. 2 Cir. 9/26/18), 256 So. 3d 501.

An insurance policy is a contract between the parties and should be construed by using the general rules of interpretation of contracts set forth in the Civil Code. *Bernard, supra*; *Schelmety*, *supra*; C*hreene*, *supra*. When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent. La. C.C. art. 2046. In such cases, the insurance contract must be enforced as written. *Green ex rel. Peterson v. Johnson*, 2014-0292 (La. 10/15/14), 149 So. 3d 766; *Schelmety, supra*.

Absent a conflict with statutory provisions or public policy, insurers, like other individuals, are entitled to limit their liability and impose and enforce reasonable conditions on the policy obligations they contractually assume. *Cutsinger v. Redfern*, 2008-2607 (La. 5/22/09), 12 So. 3d 945; *Marzell v. Charlyn Enterprises, LLC*, 51,209 (La. App. 2 Cir. 2/15/17), 215 So. 3d 405. A court should grant the motion for summary judgment only when the facts are taken into account and it is clear that the provisions of the insurance policy do not afford coverage. *Bernard, supra; Cutsinger, supra; Reynolds v. Select Properties Ltd.*, 1993-1480 (La. 4/11/94), 634 So. 2d 1180.

When determining whether or not a policy affords coverage for an incident, it is the burden of the insured to prove the incident falls within the policy's terms. *Doerr v. Mobil Oil Corp.*, 2000-0947 (La. 12/19/00), 774 So. 2d 119; *Kansas City Southern Railway Co.*, *supra*. The insurer bears the burden of proving the applicability of an exclusionary clause within a policy. *Rodgers v. State Farm Mutual Auto. Ins.*, 2015-0868 (La. 6/30/15), 168 So. 3d 375; *Kansas City Southern Railway Co.*, *supra*; *Schelmety*, *supra*. The fact that a policy provides general coverage, but then subjects it to certain exclusions, does not make the policy ambiguous. *Kansas City Southern Railway Co.*, *supra*; *McGee v. Allstate Ins. Co.*, 52,299 (La. App. 2 Cir. 11/14/18), 259 So. 3d 1161, *writ denied*, 2018-2057 (La. 2/18/19), 265 So. 3d 773.

Most insurance policies define words or phrases that may be understood in different senses. *Kottenbrook v. Shelter Mutual Ins. Co.*, 46,312 (La. App. 2 Cir. 5/18/11), 69 So. 3d 561, *writ denied*, 2011-1293 (La. 9/23/11), 69 So. 3d 1166. When a policy of insurance contains a definition

of any word or phrase, this definition is controlling. *Williams v. USAgencies Casualty Ins. Co.*, 50,185 (La. App. 2 Cir. 9/30/15), 186 So. 3d 96; *Kottenbrook*, *supra*; *Washington v. McCauley*, 45,916 (La. Ap. 2 Cir. 2/16/11), 62 So. 3d 173, *writ denied*, 2011-0578 (La. 4/29/11), 62 So. 3d 115.

In *Richard v. Milazzo*, 2001-2233 (La. App. 1 Cir. 11/8/02), 831 So. 2d 1055, 1058-59, the First Circuit noted that the business pursuits exclusion, like other exclusions in a particular policy (in that case, the policy at issue was homeowner's insurance), was drafted to exclude risks that should be covered by a different policy. The court then cited the following from *The Law of Liability Insurance*, Matthew Bender & Co., Inc., §9.06[2]:

> Many courts that have examined the definition of business and the business pursuits exclusion agree that a business pursuit must involve two elements: continuity of the activity and monetary gain, or at least the hope of monetary gain.

As set forth above, Ms. Maxie contends that the Foremost fire policy's language is ambiguous. She complains specifically that the Definitions and Exclusions sections contain different language pertaining to the business pursuits exclusion that produces inconsistent, conflicting results under the facts of this case. The genuine issue of material fact that exists in this case, urges Ms. Maxie, is that the trial court found that the business use exclusion negated coverage under language set forth in the Definitions section of the policy without consideration of this language set forth in II(2) in the Exclusions section of the policy: "This exclusion does not apply to the rental or holding for rental of any part of the dwelling to a tenant for residential purposes […]." Counsel also asserted during oral argument that

8

the rental property did not constitute a "business" as defined under the policy.

Foremost argues that the trial court did not err in finding that there was no genuine issue of material fact as the fire policy clearly and unambiguously defines the term "business" and then sets forth specific situations that are not within the policy's meaning of business. According to Foremost, the trial court considered and rejected the language from Exclusion II(2) relied upon by Ms. Maxie, which has nothing to do with the definition of the term "business" as it concerns an *exception* to the business pursuits exclusion.

The fire policy issued to Ms. Bates by Foremost provides, in relevant part:

**Definitions**
. . .
**You**, your and yours means the person, persons or organization named on the Declarations Page. You, your and yours also means any family member of the person or persons named on the Declarations Page.
**Business** means any full or part-time trade, profession, or occupation engaged in for economic gain.
　　But business does not mean:
　　1. The rental, or holding for rental, of *part of your premises* for use as a dwelling, unless the rental is to *three or more* roomers or boarders;
　　2. The rental, or holding for rental, of part of your premises as a private garage; or
　　3. Incidental farming operations conducted on premises unless the gross income from these operations is more than $5,000.
**Family member** means a person who resides in your household and is related to you by blood, marriage or adoption. Family member also means a ward or a foster child who resides in your household.

. . .

**SECTION II-EXCLUSIONS**
We will not pay for bodily injury or property damage:

. . .

> 2. *Arising out of any business pursuits of any of you.* This exclusion does not apply to the rental or holding for rental of any part of dwelling to a tenant for residential purposes, *provided that you continue to reside in the dwelling.* (Emphasis added).

As defined by the policy issued by Foremost to Ms. Bates, the term "business" means any "full or part-time trade, profession, or occupation engaged in for economic gain." This definition is not ambiguous, even when considered with the business pursuits exclusion. "[W]hen a clause in a contract is clear and unambiguous, the letter of that clause should not be disregarded under the pretext of pursuing its spirit." *Pierre v. Gardner*, 53,715 (La. App. 2d Cir. 1/13/21), 311 So. 3d 574, 583, citing, *Maloney v. Oak Builders, Inc.*, 256 La. 85, 235 So. 2d 386 (1970). Foremost was entitled to summary judgment if the leasing of the home at 207 W. 69th Street was a full or part-time activity, if Ms. Bates leased this property for economic gain or compensation, and if no exception or exclusion applied.

The record shows that Ms. Bates, although retired from the Dept. of Defense and the Navy Reserve, was the property manager for the residence at 207 W. 69th, together with five other properties. She testified in her deposition that she has had a part-time business of managing these rental properties since before 2010. Ms. Bates leased the house at 207 W. 69th Street to Yearling for approximately seven years, collecting a monthly rental of $600 from him. Ms. Bates' property management efforts and actions vis-à-vis the insured premises clearly qualify as a "business" under the terms of the Foremost policy.

There are three "exceptions" to the definition of business, only one of which could be applicable in this case. Under the policy, business does not

10

mean: "1. [*t*]*he rental*, or holding for rental, *of part of your premises* for use as a dwelling, unless the rental is to three or more roomers or boarders;…." This *exception* is clear and does not come into play under the facts in this case. The trial court correctly found that this exception was inapplicable because Yearling, the tenant, was renting the *entire* property from Ms. Bates, not just *a part* of the insured premises.

As to whether the business pursuits *exclusion* is applicable, the language of the policy provides, with emphasis added:

We will not pay for bodily injury or property damage:

…

2. *Arising out of any business pursuits* of any of you. *This exclusion does not apply to the rental* … of *any part* of the dwelling to a tenant for residential purposes, *provided that you continue to reside in the dwelling*.

Because Ms. Maxie's injuries arose out of a business pursuit of Ms. Bates, i.e., a fire at the (entirety of, not just a part of the) rental property/insured premises that was leased to a tenant (Mickey Yearling) for residential purposes, and neither Ms. Bates nor any other insured or family member[4] was residing therein, the business pursuits exclusion is applicable under the facts of this case. Accordingly, no coverage is available under this policy for Ms. Maxie's injuries.

Based on our determination that the trial court did not err in granting summary judgment to Foremost based upon its conclusion that there was no genuine issue of material fact and that, under the business pursuits exclusion of its fire policy, defendant was entitled to summary judgment as a matter of

---

[4] Although Yearling is related to the insured, he does not qualify as a family member for purposes of coverage under the fire policy.

11

law, we pretermit discussion of the applicability of Exclusion II(15) of the fire policy, which precludes coverage for any injury "[s]ustained by any person who regularly resides in that part of the dwelling described on the Declaration Pages that is used or occupied by you for residential purposes." *See*, *Tennie v. Farm Bureau Property Ins. Co.*, 2020-1297 (La. App. 1 Cir. 6/4/21), 327 So. 3d 1020, *writ denied*, 2021-00949 (La. 10/19/21), 326 So. 3d 231.

## CONCLUSION

For the reasons set forth above, we affirm the trial court's judgment granting Foremost Insurance Company's motion for summary judgment and dismissing Judy Maxie's claims against Foremost with prejudice. Costs of this appeal are assessed to the plaintiff, Judy Maxie.

**AFFIRMED**.